IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM, | CIVIL ACTION |
| Plaintiff, | |
| | NO. 02-4302 |
| v. | |
| SARNER & ASSOCIATES, P.C. and JOSHUA SARNER, ESQUIRE and LEONARD SARNER, ESQUIRE and JODI H. BROWN, M.D. and JOHN MATUSAVAGE, | |
| Defendants. | |

**MOTION OF ATTORNEY DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

Defendants, Sarner & Associates, P.C.; Joshua Sarner, Esquire; and Leonard Sarner, Esquire (collectively "attorney defendants"), respectfully move this Court to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and for the reasons set forth in attorney defendants' supporting Memorandum of Law, incorporated herein by reference.

CHRISTIE, PABARUE, MORTENSEN and YOUNG
A Professional Corporation

By: _____
JAMES W. CHRISTIE (I.D. No. 12068)
WILLIAM F. MCDEVITT (I.D. No. 80206)
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103/ (215) 587-1678

Attorneys for Defendants, Sarner & Associates, P.C.;
Joshua Sarner, Esquire and Leonard Sarner, Esquire
("Attorney Defendants")

Dated:_____

385847_1

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM, | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO. 02-4302 |
| v. | : |
| SARNER & ASSOCIATES, P.C. and JOSHUA SARNER, ESQUIRE and LEONARD SARNER, ESQUIRE and JODI H. BROWN, M.D. and JOHN MATUSAVAGE, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ATTORNEY
DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT
<u>PURSUANT TO RULES 12(b)(1) AND 12(b)(6)</u>**

**I.     <u>INTRODUCTION</u>**

Plaintiff, a judgment debtor who has ignored and evaded the legal process of Pennsylvania state courts for years, now attempts, unsuccessfully, to qualify under a federal statute in order to bring this meritless action, in federal court against the following defendants:

- Jodi H. Brown, M.D. - - a physician who provided extensive medical services which the plaintiff accepted, and then refused to pay, even after Dr. Brown obtained a judgment against the plaintiff;

385847_1

- Joshua Sarner, Esquire (one of the attorney defendants)- -an attorney who represented plaintiff in successfully obtaining a civil judgment and then attempting lawful execution in support of that judgment;

- John Matusavage - - a process server who attempted to serve plaintiff with process on several occasions.

Plaintiff purports to bring this action as an aggrieved consumer who hopes to qualify for protection under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), arising from the service of a Court Order and other documents relating to the collection of a judgment against the plaintiff.[1] The jurisdiction of this Court is predicated solely upon the federal question presented by the plaintiff's FDCPA claim.[2]

In fact, plaintiff is simply a judicial debtor, who having avoided the state courts and lawful process initiated by Mr. Sarner on behalf of Dr. Brown (and having sought to discharge the debt in bankruptcy), now seeks to extort a settlement from Dr. Brown and the attorney defendants. In fact, her only claims have nothing to do with the federal statute (FDCPA), but arise instead out of her complaints about the manner in which Mr. Matusavage and/or some other unnamed process server addressed her co-workers when they attempted personal service at her place of business, Peirce College.

Neither Dr. Brown nor Mr. Sarner set out to require Mr. Matusavage or any process server to attempt service at the plaintiff's place of business. The plaintiff herself, although unsuccessfully attempting to avoid any service, left them no choice but to serve the plaintiff at her place of business.

---

[1] See Plaintiff's Complaint ("Complaint") at ¶¶s 24-37, a true and correct copy of which is attached hereto as Exhibit 1 (hereinafter "Ex. 1").

[2] Complaint at ¶ 1 (Ex. 1).

385847_1

2

As a matter of law, plaintiff has no basis to assert any federal claim since the FDCPA expressly excludes the service of legal process. 15 U.S.C. §1692 (a)(6)(D). Accordingly, this action should be dismissed for lack of jurisdiction since plaintiff's remaining claims are garden variety state tort claims (defamation, civil conspiracy, etc.), all arising out of the service of process, which is specifically exempt under the FDPCA.

## II.  FACTUAL HISTORY

In the Fall of 2000, Mr. Sarner attempted, unsuccessfully, to communicate with the plaintiff about the long, overdue medical bills that she owed to Dr. Brown. As a result, Dr. Brown filed a Statement of Claim with the Philadelphia Municipal Court. Although this Statement of Claim was properly served, plaintiff entered no defense and, on April 4, 2001, a Default Judgment was entered in the amount of $6,280.50 in favor of Dr. Brown against plaintiff. See Statement of Claim (copy attached hereto as Exhibit 2), and Default Judgment (copy attached hereto as Exhibit 3). The Default Judgment was properly served and plaintiff, once again, took no action and made no response.

Thereafter, on October 18, 2001, approximately one year after Mr. Sarner began attempting to communicate with the plaintiff about her unpaid medical bills, Mr. Sarner wrote plaintiff via first-class and certified mail and enclosed a Notice of Taking Deposition in Aid of Execution of the aforesaid Default Judgment. See October 18, 2001 letter, Josh Sarner to Plaintiff (copy attached hereto as Exhibit 4). In addition, Mr. Sarner also forwarded the aforesaid Notice of Taking Deposition in Aid of Execution to plaintiff via certified mail and personal service at her place of business at Peirce College in Philadelphia. Mr. Matusavage served the aforesaid Notice of Deposition on plaintiff's supervisor, Ms. Perkins on October 26,

2001 (although the Affidavit of Service incorrectly shows the year to be "2000").  See Domestic Return Receipt (copy attached hereto as Exhibit 5), and Affidavit of Service (copy attached hereto as Exhibit 6).

The attorney defendants attempted to take the deposition of the plaintiff on December 5, 2001, as scheduled in the aforesaid Notice of Deposition, but the plaintiff, Mara Flamm, did not appear, which is reflected in the transcript of the deposition.  See December 5, 2001 Deposition Transcript in Jodi H. Brown, M.D. v. Mara Flamm, (copy attached hereto as Exhibit 7).

Thereafter, on January 22, 2002, Mr. Sarner served plaintiff via certified mail and first-class mail at both her home and place of business with a Court-ordered Rule to Show Cause and Petition to Compel Oral Deposition in Aid of Execution of Defendant, Mara Flamm.  See January 22, 2002 letter, Josh Sarner to Plaintiff (cc: Robert P. Brand, Esquire) (copy attached hereto as Exhibit 8).  In addition, Mr. Sarner requested that Mr. Matusavage serve the aforesaid Rule to Show Cause and Petition on the plaintiff at her place of business, which he did as per the enclosed Return of Service of January 25, 2002 at 1:12 p.m. (although the return incorrectly lists the date of January 24, 2002) (copy attached hereto as Exhibit 9).

In the interim, and unbeknownst to any of the attorney defendants, plaintiff filed a petition under the Bankruptcy Code, which entitled her to an automatic stay against the enforcement of any claim or legal proceedings. After plaintiff filed for bankruptcy, her attorney communicated the filing of a Chapter 7 petition to Mr. Sarner, but waited until after all attempts had been made to serve plaintiff with the Rule to Show Cause and Petition to Compel Oral Deposition, including the personal service that Mr. Matusavage completed at Peirce College on January 25th.  See January 25, 2002 letter, Jane MacElhenney to Joshua Sarner (sent via facsimile on 1/25/02 at 2:38 p.m.) (copy attached hereto as Exhibit 10).

Plaintiff's current counsel also weighed in with his own letter on January 28, 2002, threatening to file suit against Mr. Sarner and his firm. See January 28, 2002 letter, Robert P. Brand to Joshua Sarner (copy attached hereto as Exhibit 11). Mr. Brand did fulfill his promise to file suit, but he did so without attempting even the minimal research that would have disclosed the inapplicability of the statute that he has chosen in an attempt to obtain jurisdiction in this Court.

### III.   LEGAL STANDARD

A court must dismiss under F.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims as pled which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations raised in the complaint must be assumed to be true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should be construed liberally in the non-movant's favor, giving that party the benefit of all fair inferences which may be drawn from the allegations. Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). This standard is also applied when considering dismissal for lack of original jurisdiction under F.R.Civ.P. 12(b)(1). NE HUB Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3rd Cir. 2001)

## IV.   LEGAL ARGUMENT

### A.   THE FDCPA HAS NO APPLICATION TO THE SERVICE OF LEGAL PROCESS AS ALLEGED IN THE COMPLAINT.

The FDCPA is a consumer protection statute enacted to curb "abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692. The scope of the FDCPA is limited to certain types of debt collection practices. The definition of "debt collector" is clearly defined by the statute, and specifically excludes:

> (D)  any person while serving or attempting to serve <u>legal process</u> on any other person in connection with the judicial enforcement of any debt. . .

15 U.S.C. § 1692a(6)(D) (emphasis added).

In this action, the plaintiff admits that:

> 16.   On or about February 20, 2001, Defendant Brown filed a Statement of Claim against Plaintiff in the Municipal Court of Philadelphia alleging that Plaintiff owed her $5,000.
>
> 17.   On or about April 4, 2001, the Municipal Court entered a default judgment in favor of Defendant Brown and against Plaintiff in the amount of $6,215 plus $ 65 in costs.
>
> 18.   At all material times, Peirce College employed Plaintiff.
>
> 19.   On or about October 26, 2001, Defendant John Matusavage, an employee, agent and/or representative of Defendant Sarner & Associates, P.C., served a Notice of Deposition in Aid of Execution ("Notice") at Peirce College in Philadelphia by leaving a copy of the Notice of Deposition in Aid of Execution ("Notice") at Peirce College in Philadelphia, Pennsylvania by leaving a copy of the Notice with Plaintiff's supervisor.

                    *          *          *

> 23.   On or about January 22, 2002, Plaintiff filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

> 24.  On January 25, 2002, John Doe Process Server appeared at Plaintiff's place of employment without permission ...
>
> \*          \*          \*
>
> 27.  John Doe Process Server then asked Rutling if she would accept a package for Plaintiff.

Complaint at ¶¶s 16-19, 23, 24 and 27 (Ex. 1).

Regardless of the alleged conduct of defendant John Matusavage and "John Doe Process Server," the only activity forming the basis of the Complaint is the service of legal process related to the collection of the default judgment against the plaintiff.[3] The Rule to Show Cause and Petition served upon the plaintiff, which form the basis of her putative FDCPA claim, is an executed order of the Philadelphia Municipal Court (Exhibit 8) pursuant to P.R.Civ.P. 3117 (Discovery in Aid of Execution).

Rule 3117 provides a party with the full benefit of all discovery procedures available in litigation under Pennsylvania law. Paine Webber, Inc. v. Devin, 658 A.2d 409, 413 (Pa. Super 1995). Under Pennsylvania law, discovery requests generally constitute "legal process." See Rosen v. American Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. 1995). The Pennsylvania Supreme Court has specifically held that process to enforce compliance with post-judgment discovery is not merely a ministerial order that may be issued by the Prothonotary or an administrative body, but must be issued by the Court. See Hanchey v. Elliot Truck Brokerage Company, Inc., 218 A.2d 743 (Pa. 1966). Therefore, under Pennsylvania law, the Rule to Show Cause and Petition to enforce compliance with the post-judgment Notice of Deposition issued under Pa.R.Civ.P. 3117 constitute "legal process." The service of legal process is specifically excepted from the activity regulated by the FDCPA, and cannot form the basis of a private legal

action under § 1692k of the FDCPA.  Accordingly, the attorney defendants respectfully request that this Court dismiss Count I from the plaintiff's Complaint with prejudice.

> **B.  THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS.**

The plaintiff has stated that the sole basis of this Court's jurisdiction in this matter is that of the federal question presented with an FDCPA claim.  Complaint at ¶ 1 (Ex. 1).  There is no diversity of citizenship alleged in this case, and subject matter jurisdiction over the action is predicted solely on the federal claim discussed above.  Although in appropriate circumstances a district court may exercise supplemental jurisdiction over state law claims such as those alleged in Counts II through V of the Complaint, the Court can and should decline to exercise such jurisdiction here.

Where a district court has dismissed all of the federal claims asserted in a particular case, it should ordinarily decline to exercise supplemental jurisdiction over any remaining state law claims.  See Litz for Estate of Chain v. City of Allentown, 896 F. Supp. 1401 (E.D.Pa. 1995); Kis v. County of Schuylkill, 866 F.Supp. 1462 (E.D. Pa. 1994); Mark v. Borough of Hatboro, 856 F.Supp. 966 (E.D. Pa. 1994), aff'd, 51 F.3d 1137 (3rd Cir. 1995), cert. denied, 116 S.Ct. 165 (1995);  Heller v. CACL Federal Credit Union, 775 F. Supp. 839 (E.D.Pa. 1991); see also 28 U.S.C. § 1367(c)(3).  In deciding whether to exercise supplemental jurisdiction after federal claims have been dismissed, a district court should "take into account generally accepted principles of 'judicial economy and fairness to the litigants.'" Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277 (3rd Cir. 1993), quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

---

[3] Although the plaintiff does not specifically state what was in the "package," there is no dispute that it included the Court-ordered Rule to Show Cause and Petition to Compel Oral Deposition in Aid of

385847_1

The pertinent factors dictate that this Court should not retain jurisdiction over the plaintiff's remaining state law claims. First, Counts II through V of the plaintiff's Complaint all concern either state statutes[4] or common law causes of action governed by Commonwealth law.[5] It is settled, of course, that "[a] federal court should avoid needless decisions of state law both as a matter of comity and to promote justice between the parties." Johnson v. Cullen, 925 F.Supp. 244, 252 (D. Del. 1996). In addition, these proceedings have not progressed beyond the application of the federal laws at issue and have not progressed to such a point that any undue delay would be caused by the non-exercise of supplemental jurisdiction. Cf. Growth Horizons, supra (Where district court has already held a trial and heard all evidence necessary to decide the state law claims, this circumstance may, but need not, cause the district court to retain supplemental jurisdiction over state law claims after dismissal of all federal law claims.) Moreover, this court has declined to exercise supplemental jurisdiction over state law claims after dismissing FDCPA claims. Sarver v. Capital Recovery Associates, Inc., 951 F. Supp. 550, 555 (E.D.Pa. 1996)(Court dismisses claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law after finding that the charge at issue did not constitute a "debt" under the FDCPA.)

There are no overriding interests of judicial economy or convenience that might warrant the Court's continuing exercise of jurisdiction over the plaintiff's state law claims. Given the prevalence of the state law issues raised by the four (4) remaining counts of the Complaint, comity and justice dictate that this Court decline to exercise supplemental jurisdiction over the

---

Execution. See Complaint at ¶27 (Ex. 1) and Exs. 8-9.

[4] Complaint, Count II, (alleging a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-1, *et seq.*) (Ex. 1).

[5] Complaint, Count III (Intentional Infliction of Emotional Distress); Complaint, Count IV (Slander); and Complaint Count V (Civil Conspiracy) (Ex. 1).

385847_1

9

plaintiff's remaining state law claims. Accordingly, the attorney defendants respectfully request that this Court dismiss Counts II-IV from the plaintiff's Complaint <u>without</u> <u>prejudice</u>.

**IV.     CONCLUSION**

For the reasons set forth above, the attorney defendants respectfully request that this Court dismiss Count I (FDCPA) of the plaintiff's Complaint with prejudice pursuant to F.R.Civ.P. 12(b)(6). Attorney defendants further request that this Court dismiss Count II (Pennsylvania's Unfair Trade Practices and Consumer Protection Law), Count III (Intentional Infliction of Emotional Distress), Count IV (Slander); and Count V (Civil Conspiracy) of the plaintiff's Complaint without prejudice. A proposed form of Order is attached hereto for the Court's convenience.

                Respectfully submitted,

                CHRISTIE, PABARUE, MORTENSEN and YOUNG
                  A Professional Corporation

By: _____
     JAMES W. CHRISTIE  (I.D. No. 12068)
     WILLIAM F. MCDEVITT (I.D. No.: 80206)
     1880 JFK Blvd., 10th Floor
     Philadelphia, PA 19103
     (215) 587-1678

     Attorneys for Defendants,
     Sarner & Associates, P.C.;
     Joshua Sarner, Esquire and
     Leonard Sarner, Esquire
     ("Attorney Defendants")

Dated:_____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 02-4302 |
| vi. | : | |
| | : | |
| SARNER & ASSOCIATES, P.C. and | : | |
| JOSHUA SARNER, ESQUIRE and | : | |
| LEONARD SARNER, ESQUIRE and | : | |
| JODI H. BROWN, M.D. and JOHN | : | |
| MATUSAVAGE, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this            day of                        , 2002, upon consideration of Motion to Dismiss Plaintiffs' Complaint pursuant to F.R.Civ.P. 12(b)(1) and F.R.Civ.P. 12(b)(6), of Defendants, Sarner & Associates, P.C.; Joshua Sarner, Esquire; and Leonard Sarner, Esquire, and any response thereto, it is hereby ORDERED that said Motion is GRANTED.

It is FURTHER ORDERED and DECREED that Count I of the plaintiff's Complaint is hereby DISMISSED with prejudice.

It is FURTHER ORDERED and DECREED that Count II, Count III, Count IV and Count V of the plaintiff's Complaint are hereby DISMISSED without prejudice.

_____ J.

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Motion To Dismiss Plaintiff's Complaint Pursuant to Rule 12(B)(6) and Rule 12(B)(1) of Sarner & Associates, P.C., Joshua Sarner, Esquire and Leonard Sarner, Esquire, were served today via first class mail to all counsel of record at the addresses listed below:

Robert P. Brand, Esquire
1200 Walnut Street, 5th Floor
Philadelphia, PA  19107

Anthony Baratta, Esquire
Baratta & Russell, P.C.
The Loft at Mount Jolly
2661 Huntingdon Pike
Huntingdon Valley, PA  19006


　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　JAMES W. CHRISTIE

Dated: _____

385847_1