## MARA FLAMM V. SARNER & ASSOCIATES P.C., ET AL.

## MOTION OF ATTORNEY DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

## DEFENDANTS' EXHIBIT 1

### Plaintiff's Complaint

 IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARA FLAMM
709 S. SCHELL STREET
PHILADELPHIA, PA 19147
    *Plaintiff*

vs.

SARNER & ASSOCIATES, P.C.
11 PENN CENTER, 29TH FLOOR
PHILADELPHIA, PA 19103

and

JOSHUA SARNER, ESQUIRE
11 PENN CENTER, 29TH FLOOR
PHILADELPHIA, PA 19103

and

LEONARD SARNER, ESQUIRE
11 PENN CENTER, 29TH FLOOR
PHILADELPHIA, PA 19103

and

JODI H. BROWN, M.D.
325 CHESTNUT STREET
SUITE 1308
PHILADELPHIA, PA 19106

and

JOHN MATUSAVAGE
1641 ETTING STREET
PHILADELPHIA, PA 19145

and

JOHN DOE PROCESS SERVER,
individually and as agent for
Sarner & Associates, P.C.,
Joshua Sarner, Esquire,
Leonard Sarner, Esquire, and Jodi H. Brown, M.D.,
11 PENN CENTER, 29TH FLOOR
PHILADELPHIA, PA 19103
    *Defendants*

CIVIL ACTION

No. 02cv4302

## COMPLAINT-CIVIL ACTION

Plaintiff, Mara Flamm, by and through her undersigned counsel, brings this action against defendants, Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire, Jodi H. Brown, M.D., John Matusavage and John Doe Process Server for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. 201-1 *et seq.* ("UTPCPL") which prohibit creditors and debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff also brings causes of action against Defendants for Intentional Infliction of Emotional Distress, Defamation--Slander and Civil Conspiracy.

### I.    JURISDICTION AND VENUE

1.    This court has original jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Jurisdiction for declaratory relief in matter is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue in the Eastern District of Pennsylvania is proper because all defendants regularly conduct business in Philadelphia County, all defendants maintain their principal place of business in Philadelphia County and the events and occurrences giving rise to this cause of action took place in Philadelphia County.

### II.    PARTIES

#### A.    Plaintiff

3.    Plaintiff, **Mara Flamm**, is an adult individual who resides at 709 S. Schell Street, Philadelphia, Pennsylvania.

B.    Defendants and The Agents

4.    Defendant, Sarner & Associates, P.C., is a professional corporation arising under and existing pursuant to the laws of the Commonwealth of Pennsylvania with its principal place of business at 11 Penn Center, 29th Floor Philadelphia, PA 19103. Sarner & Associates, P.C. engages in the business of collecting debts in Commonwealth of Pennsylvania and regularly attempts to collect debts alleged to be due another. The principal purpose of Defendant Sarner & Associates, P.C. is the collection of debts using the mails, telephones and techniques of harassment.

5.    Defendant, Joshua Sarner, Esquire, is an adult individual and employee, agent and/or representative of Defendant Sarner & Associates, P.C. who regularly conducts business at 11 Penn Center, 29th Floor Philadelphia, Pennsylvania. At all times material, Defendant Joshua Sarner, Esquire was and continues to be a debt collector for Defendant Sarner & Associates, P.C. as defined in 15 U.S.C. §1692a(6).

6.    Defendant, Leonard Sarner, Esquire, is an adult individual and employee, agent and/or representative of Defendant Sarner & Associates, P.C. who regularly conducts business at 11 Penn Center, 29th Floor Philadelphia, Pennsylvania. At all times material hereto, Defendant Leonard Sarner, Esquire was and continues to be a debt collector for Defendant Sarner & Associates, P.C. as defined in 15 U.S.C. §1692a(6).

7.    Defendant, Jodi H. Brown, M.D., is an adult individual who regularly conducts business at 325 Chestnut Street, Suite 1308, Philadelphia, PA. At all times material hereto, Jodi H. Brown, M.D. was a debt collector as defined in 15 U.S.C. §1692a(6).

8.    At all material times, Defendant Jodi H. Brown, M.D. controlled, directed, supervised, and/or approved the actions of Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire, and John Doe with respect to the collection of a debt allegedly owed from Plaintiff.

9.    Plaintiff believes, and therefore avers, that Defendant Jodi H. Brown, M.D. routinely and as a continuing practice employed Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, and/or Leonard Sarner, Esquire to harass, annoy and pursue former patients with the knowledge that those former patients had psychological frailties that could easily be exploited by the illegal debt collection practices of Defendants.

10.    Defendant, **John Matusavage**, is an adult individual who regularly conducts business at who regularly conducts business at 1641 Etting Street, Philadelphia, Pennsylvania. At all times material, Defendant John Matusavage was and continues to be a debt collector for Defendant Sarner & Associates, P.C. as defined in 15 U.S.C. §1692a(6).

11.    Defendant, **John Doe Process Server**, is an unidentified adult Caucasian male who was and continues to be a debt collector for Defendant Sarner & Associates, P.C. as defined in 15 U.S.C. §1692a(6).

12.    Plaintiff believes, and therefore avers, that Defendants Sarner & Associates, P.C., and/or Joshua Sarner, Esquire and/or Leonard Sarner, Esquire employed and/or contracted with John Matusavage and John Doe Process Server as a process server and debt collector during the past five years.

13.    Plaintiff believes, and therefore avers, that Defendants Sarner & Associates, P.C., and/or Joshua Sarner, Esquire and/or Leonard Sarner, Esquire employed and/or contracted with John Matusavage and John Doe Process Server as a process server and debt collector to collect a debt allegedly due from Plaintiff.

14.    At all material times, Defendant John Matusavage was an employee, agent, and/or representative of Defendant Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire, P.C., and/or Jodi H. Brown, M.D. and acted within the course and scope of such

employment, agency and/or representation.

15.    At all material times, Defendant John Doe Process Server was an employee, agent, and/or representative of Defendant Samer & Associates, P.C., Joshua Samer, Esquire, Leonard Samer, Esquire, P.C., and/or Jodi H. Brown, M.D. and acted within the course and scope of such employment, agency and/or representation.

## III.    ALLEGATIONS OF FACT

16.    On or about February 20, 2001, Defendant Brown filed a Statement of Claim against Plaintiff in the Municipal Court of Philadelphia County alleging that Plaintiff owed her $5,000.

17.    On or about April 4, 2001, the Municipal Court entered a default judgment in favor of Defendant Brown and against Plaintiff in the amount of $6,215 plus $65 in costs.

18.    At all material times, Peirce College employed Plaintiff.

19.    On or about October 26, 2001, Defendant John Matusavage, an employee, agent and/or representative of Defendant Samer & Associates, P.C., served a Notice of Deposition in Aid of Execution ("Notice") at Peirce College in Philadelphia, Pennsylvania by leaving a copy of the Notice with Plaintiff's supervisor.

20.    Defendant Matusavage told Plaintiff's supervisor that Plaintiff owed a large debt to a doctor.

21.    Plaintiff did not grant permission for Defendants to contact her employer.

22.    On or about November 16, 2001, Robert P. Brand, Esquire contacted Defendants and advised Defendants that he represented Plaintiff.

23.    On or about January 22, 2002, Plaintiff filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

24.    On January 25, 2002, John Doe Process Server appeared at Plaintiff's place of employment without permission and demanded to see Plaintiff, Plaintiff's supervisor, Plaintiff's supervisor's

secretary, the Dean of College, and the Dean's secretary.

25.    Peirce College campus security summoned Carmita Rutling ("Rutling"), an administrative assistant at Peirce College, to deal with John Doe Process Server because he refused to leave voluntarily from Peirce College.

26.    John Doe Process Server told Rutling that he had a "problem with Ms. Flamm."

27.    John Doe Process Server then asked Rutling if she would accept a package for Plaintiff.

28.    While at the campus security desk, John Doe Process Server asked if he could speak privately with Rutling.

29.    Rutling directed John Doe Process Server to a room near the campus security desk and, immediately upon entering the room, John Doe Process Server began yelling at Rutling in a loud and aggressive tone.

30.    John Doe Process Server told Rutling "I don't know what type of sneaky little thieves you hire, but Mara Flamm stole thousands of dollars from a doctor and hasn't paid."

31.    John Doe then stated that he and Defendant Sarner & Associates, P.C. have been coming to Peirce College for over two years and that Plaintiff is always unavailable.

32.    Rutling then advised John Doe Process Server that this information was none of her business and that he should contact Plaintiff at home.

33.    John Doe Process Server then told Rutling that they have tried to reach Plaintiff at home but that Plaintiff gives them phony phone numbers and phony addresses and that contacting Plaintiff at her place of employment was the only way they knew of to contact her.

34.    John Doe Process Server then stated that Plaintiff received services for which Plaintiff refused to pay.

35.    John Doe Process Server then told Rutling that Plaintiff failed to appear in court.

36.    John Doe Process Server then repeated to Rutling that Plaintiff was a thief and that if Plaintiff was the type of person that Peirce College has working for them, then Peirce College was in trouble.

37.    John Doe Process Server then told Rutling to tell Plaintiff that the next time they have to come to her place of employment they will bring the Sheriff and arrest Plaintiff.

38.    Plaintiff is a good, true, honest and virtuous citizen of the Commonwealth of Pennsylvania, and has, at all times, abided by and conducted herself in accordance with the laws of Pennsylvania, and during her entire life has remained free from and unsuspected of any type of thievery, or any other such crimes.

39.    Plaintiff was known and respected as a person of good name and reputation by reason of which she has gained the love, goodwill, and esteem of all her neighbors and diverse other good people of this Commonwealth.

40.    Plaintiff has never been guilty of the crimes charged by Defendants and the words that John Doe Process Server uttered on behalf of himself, Defendant Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and Jodi H. Brown, M.D., were and are untrue, and were known by Defendants to be untrue when uttered and published.

41.    Defendants are persons of apparent responsibility whose position in life, and knowledge of Plaintiff's affairs, was calculated to give credit to the charges and utterances made by them and their agents.

42.    As a result of the negligent, reckless, malicious and illegal acts of Defendants, all of which were done to further Defendants' businesses, Plaintiff suffered substantial mental pain, anguish, and severe emotional distress.

43.    As a result of the negligent, reckless, malicious and illegal acts of Defendants, all of which were done to further Defendants' businesses, Plaintiff suffered embarrassment and humiliation

resulting in great loss, detriment and suffering.

44.    Plaintiff believes, and therefore avers, that Defendants have a continuing policy and practice of harassing and embarrassing debtors at their workplace in order to coerce payment or make favorable payment arrangements.

45.    Plaintiff believes, and therefore avers, that Defendant Jodi H. Brown, M.D. purposely forwarded the collection of Plaintiff's debt and other debt collection matters to Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, and Leonard Sarner, Esquire because she knew that Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, and Leonard Sarner, Esquire utilize unfair, oppressive and illegal tactics to coerce, embarrass and browbeat former patients to satisfy debts.

46.    Plaintiff believes, and therefore, avers, that Defendant Jodi H. Brown, M.D. had intimate knowledge of Plaintiff's fragile mental state and, accordingly, directed Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, and Leonard Sarner, Esquire to harass, annoy and embarrass Plaintiff to the point where she would satisfy the alleged debt.

## COUNT I
### Violation of 15 U.S.C. §1692, et seq.

47.    Plaintiff re-adopts and incorporates by reference paragraphs 1 through 46 as though more fully set forth below.

48.    Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

49.    Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., as follows:

   (a)    Contacting Plaintiff's employer, a third party, without prior consent (15 U.S.C. §1692c(b));

   (b)    Falsely representing that the nonpayment of the debt would result in Plaintiff's arrest

when such action could not be legally taken (15 U.S.C. §1692e( ) and (5));

(c)   Falsely representing that Plaintiff committed a crime in order to disgrace, embarrass and humiliate Plaintiff (15 U.S.C. §1692e(7));

(d)   Attempting to contact Plaintiff at her place of employment after Defendants knew she was represented by attorney Robert P. Brand, Esquire (15 U.S.C. §§1692b(6) and 1692c(a)(2));

(e)   Using obscene or profane language to Ms. Rutling, the natural consequence of which was to abuse, scare and intimidate Ms. Rutling (15 U.S.C. §1692d(2));

(f)   Falsely representing that Plaintiff stole money in order to disgrace, embarrass and humiliate Plaintiff (15 U.S.C. §1692e(7));

(g)   Falsely representing to Plaintiff's employer that Defendants were forced to contact Plaintiff at her place of employment because Plaintiff had given them phony addresses and phone numbers when the Defendants knew her true address and telephone number as well as the address and telephone number of her attorney (15 U.S.C. §1692e(10)); and

(h)   Attempting to collect attorneys' fees incidental to the original obligation when said fees were not authorized by an agreement or permitted by law (15 U.S.C. §1692f (1)).

50.   As a direct and proximate result of these violations of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for actual damages in excess of $75,000, statutory damages not to exceed $1,000, punitive damages, costs of the action, and attorney's fees.

WHEREFORE, Plaintiff, Mara Flamm, demands judgment in her favor and against Defendants, individually and/or jointly, in an amount in excess of $75,000 plus punitive damages,

attorney's fees, costs and such other relief as this Honorable Court deems appropriate.

## COUNT II
### Violation of 73 Pa.C.S.A. §201-1, et seq.

51.    Plaintiff re-adopts and incorporates by reference paragraphs 1 through 50 as though more fully set forth below.

52.    Defendants are a "person" as defined by 73 Pa.C.S.A. §201-2((2) of the Unfair Trade Practices and Consumer Protection Law.

53.    Defendants were engaged in "trade" or "commerce" as defined by 73 Pa.C.S.A. §201-2((2) of the Unfair Trade Practices and Consumer Protection Law.

54.    Defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. §201-1 *et seq.*

55.    Defendants violated the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S. §201-1 *et seq.*, as follows:

    (a)    Falsely representing that the nonpayment of the debt would result in the imprisonment of Plaintiff;

    (b)    Falsely representing that that Plaintiff committed a crime or other illegal conduct for the purpose of embarrassing, humiliating and disgracing Plaintiff; and

    (c)    Attempting to contact Plaintiff at her place of employment after Defendants knew she was represented by attorney Robert P. Brand, Esquire.

WHEREFORE, Plaintiff, Mara Flamm, demands judgment in her favor and against Defendants, individually and/or jointly as follows:

    A.    Actual damages pursuant 73 Pa.C.S.A. §201-9.2(a) including, but not limited to, damages for pain and suffering;

    B.    Statutory damages pursuant to 73 Pa.C.S.A. §201-9.2(a);

C.    Treble damages pursuant to 73 Pa.C.S.A §201-9.2(a);

D.    Reasonable attorney's fees, interest and costs pursuant to 73 Pa.C.S.A. §201-9.2(a); and

E.    Punitive damages

F.    Such other and further relief as this Honorable Court seems just and proper.

## COUNT III
### Intentional Infliction of Emotional Distress

56.    Plaintiff re-adopts and incorporates by reference paragraphs 1 through 55 as though more fully set forth below.

57.    As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff suffered severe embarrassment, humiliation, mental anguish and emotional distress.

58.    Defendants knowingly, willfully and intentionally acted to harm Plaintiff, the natural and probable consequence of which was to cause Plaintiff extreme emotional distress.

59.    The conduct of Defendants was extreme and outrageous and beyond the bounds of decency.

60.    As a direct and proximate result of Defendants extreme and outrageous conduct, Plaintiff suffered severe embarrassment, humiliation, mental anguish and genuine and substantial emotional distress that physically manifested itself, among other ways, in headaches, loss of sleep, anxiety and fright.

61.    Plaintiff is entitled to an award of punitive damages.

WHEREFORE Plaintiff, Mara Flamm, demands judgment in her favor and against Defendants in an amount in excess of $75,000 plus punitive damages, costs of suit and such other relief as this Honorable Court deems appropriate.

## COUNT IV
### Defamation—Slander

62.    Plaintiff re-adopts and incorporates by reference paragraphs 1 through 61 as though more fully set forth below.

63.    The statements of Joe Doe Process Server, individually and on behalf of Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and Jodi H. Brown, M.D. were false and defamatory, were made intentionally, willfully and maliciously and were made with knowledge of their falsity or with reckless disregard for their truth or falsity.

64.    The statement of Joe Doe Process Server, individually and on behalf of Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and Jodi H. Brown, M.D. are slanderous and defamatory per se.

65.    As a direct and proximate result of the false, misleading, and malicious statements, Plaintiff suffered and contiques to suffer serious and irreparable injury to her name and reputation.

WHEREFORE, Plaintiff, Mara Flamm, demands judgment in her favor and against the Defendants, individually and/or jointly, in an amount in excess of $575,000 plus punitive damages, costs of suit and such other relief as this Honorable Court deems appropriate.

## COUNT V
### Civil Conspiracy

66.    Plaintiff re-adopts and incorporates by reference paragraphs 1 through 61 as though more fully set forth below.

67.    The actions of Defendants, jointly and severally, violated the Fair Debt Collection Act (15 U.S.C. §1692, et seq.), Pennsylvania's Unfair Trade Practices and Consumer Protection Law (73 Pa.C.S. §201-1, et seq.), and 18 Pa.C.S. §7311 (Unlawful Collection Agency Practices).

68.    The actions of Defendants, jointly and severally, were intended intentionally to cause emotional distress.

69.    The actions of Defendants, jointly and severally, were intended intentionally to defame Plaintiff.

70.    The overt actions of Defendants, *infra*, jointly and severally, constituted a civil conspiracy amongst them to engage in a concerted action for an illegal, unlawful and/or inappropriate purpose, namely to compel Plaintiff to satisfy the alleged debt through harassment, coercion, intimidation, and embarrassment.

71.    Defendants, acting in concert, were motivated by an improper and/or illegal attempt to compel Plaintiff to satisfy an alleged debt by means of harassment, coercion, intimidation, and embarrassment.

72.    Defendants acted with malice and the intent to deprive Plaintiff of her right to be free from harassment, coercion, intimidation, and embarrassment.

73.    There existed no justification for the improper and/or illegal actions of Defendants.

74.    As a direct and proximate result of Defendants improper and/or illegal actions, Plaintiff sustained actual damages.

WHEREFORE, Plaintiff, Mara Flamm, demands judgment in her favor and against the Defendants, individually and/or jointly, in an amount in excess of $75,000 plus punitive damages, costs of suit and such other relief as this Honorable Court deems appropriate.

Robert P. Brand, Esquire
I.D. No. 73546
1200 Walnut Street, 5th Floor
Philadelphia, PA 19107
(215) 985-1500
Attorney for Mara Flam

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

WILK & BRAND, P.C.

Robert P. Brand, Esquire
Attorney for Mara Flamm
1200 Walnut Street, 5th Floor
Philadelphia, PA 19107
(215) 985-1500