IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM. | : | |
|     **Plaintiff** | : | |
| | : | NO. 02–CV-4302 |
| v. | : | |
| | : | |
| SARNER & ASSOCIATES, P.C. and | : | |
| JOSHUA SARNER, ESQUIRE and | : | |
| LEONARD SARNER, ESQUIRE and | : | CIVIL ACTION |
| JODI H. BROWN, M.D. and JOHN | : | |
| MATUSAVAGE, | : | |
|     **Defendants** | : | |

**DEFENDANT, JODI H. BROWN, M.D.'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Defendant, Jodi H. Brown, M.D., by her undersigned counsel, Baratta & Russell, P.C., has moved this Honorable Court for dismissal of all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below and in the accompanying Motion to Dismiss, Defendant, Jodi Brown, M.D., respectfully requests that Plaintiff's complaint be dismissed as against her.

**I.    PRELIMINARY STATEMENT**

    Defendant, Jodi H. Brown, M.D. has moved for the dismissal of Plaintiff's complaint on the grounds that Plaintiff has failed to state a cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or under any of her state causes of action, over which Plaintiff avers this Court has jurisdiction by virtue of Defendant's alleged violation of the Fair Debt Collection Practices Act.

## II.   STATEMENT OF FACTS

Defendant, Jodi H. Brown, M.D. ("Brown"), is a licensed child and adult psychiatrist. Commencing on April 14, 1997 and continuing through October 5, 1998, Dr. Brown provided psychiatric evaluation and treatment services to Plaintiff, Mara Flamm. Plaintiff failed to pay for any of these services. Plaintiff alleges that Dr. Brown retained the law firm of Sarner & Associates to represent her in a collection action against Plaintiff.

Plaintiff's Complaint further alleges that Sarner & Associates filed suit against Plaintiff in the Philadelphia Municipal Court, and on April 4, 2001, a default judgment was entered against Plaintiff in the amount of $6,280.50. Thereafter, Plaintiff alleges that Sarner & Associates attempted to make service of a Notice of Deposition in Aid of Execution, and to that end, used the services of a process server, Defendant, John Matusavage. All of Plaintiff's allegation against Dr. Brown arise directly from the actions allegedly taken by Mr. Matusavage, in connection with the attempted service of process upon Plaintiff. However, missing from Plaintiff's Complaint is any factual allegation that Dr. Brown employed and/or contracted with Mr. Matusavage and/or John Doe Process Server (see ¶ 12, 13 of Plaintiff's Complaint).

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of an action is appropriate where Plaintiff's complaint fails to state a claim upon which relief can be granted. The standard to be applied in determining a 12(b)(6) motion is well established:

> A 12(b)(6) motion tests the sufficiency of the allegations in the complaint. (citation omitted). The question then is, whether "the facts alleged in the complaint, even if true, fail to support the ... claim." Ransom v. Marrazo, 848 F.2d at 389, 401 (3rd Cir. 1988). The pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure*, Section 1357 at 340 (2nd Ed. 1990).

> We apply the same standard the District Court is required to apply. We therefore accept all factual allegations in the complaint as true, and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom. <u>Wisniewski v. Johns-Manville Corp.</u>, 759 F.2d 2761, 273 (3d Cir. 1985). However, "we are not required to accept legal conclusions, either alleged or inferred, from the pleaded facts." <u>Mescall v. Burrus</u>, 603 F.2d 1266, 1269 (7th Cir. 1979).

<u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3rd Cir. 1993); *see also* <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3rd Cir. 1997)("but a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."). Nor should the court assume that Plaintiff can prove facts that are not alleged in the complaint. *See* <u>City of Pittsburgh v. West Penn Power Company</u>, 147 F.3d 256, 263, *n. 13* (3rd Cir. 1998).

As discussed below, Plaintiff's complaint fails to state a claim upon which relief can be granted against Dr. Brown, and therefore, Plaintiff's action should be dismissed with prejudice as to Dr. Brown.

## IV. <u>LEGAL ARGUMENT</u>

### A. **Plaintiff Does Not State A Valid Claim Against Dr. Brown For Violation of 15 U.S.C. § 1692, et seq. as Dr. Brown Cannot be Considered a "Debt Collector" under the Act.**

Plaintiff alleges in her complaint that "Defendant, Jodi H. Brown, M.D. is an adult individual who regularly conducts business at 325 Chestnut Street, Suite 1308, Philadelphia, PA. At all times material hereto, Jodi H. Brown, M.D., was a debt collector as defined in 15 U.S.C. § 1692(a)(6)." *See* Plaintiff's Complaint, paragraph 7. This allegation of Plaintiff's is not only legally incorrect, it is belied by the very allegations of Plaintiff's own complaint.

Plaintiff admits that on April 4, 2001, the Philadelphia Municipal Court entered a default judgment in favor of Dr. Brown and against Plaintiff in the amount of $6,215.00, plus $65.00 in costs. <u>Id</u>., para. 17. Plaintiff further alleges that Defendant, Matusavage, a "process server,"

served a Notice of Deposition in Aid of Execution at Plaintiff's place of employment. Id., para. 19. Both of these factual allegations, if accepted as true, show as a matter of law that Dr. Brown is not a "debt collector" under the Fair Debt Collection Practices Act ("the Act").

Dr. Brown provided services to Plaintiff for which she was not paid. Thereafter, her attorney obtained a default judgment against Plaintiff for the amount of money owed for those services. Clearly, Dr. Brown is a *creditor* of Plaintiff's, and as such, cannot be considered a "debt collector" under the Act.

In Gary v. Goldman & Company, 180 F. Supp. 2d 668 (E.D. Pa. 2002), the court was faced with a similar situation as is presented here. The court first noted the general rule that creditors themselves are generally not subject to the Federal Debt Collection Practices Act. Id. at 672, citing Pollice v. National Tax Funding, L.P., 225 F.3d 379, 493 (3d Cir. 2000). In granting the Defendant's Motion to Dismiss, the court said, "It is clear from the face of the plaintiff's complaint that the debt at issue is owed to the *moving defendant itself, and hence, moving defendant is a creditor–not a debt collector.* Thus, even imputing [the collection agency's] actions to [moving defendant], it is clear that if true, [moving defendant] would be endeavoring to collect its own debt – not that of a third party. Accordingly, we can reach no other conclusion but that the moving defendant is not a debt collector under the FDCPA." Id. at 672 (emphasis added).

The court further held: "[G]iven that all of the plaintiff's remaining claims are state, common law claims, we decline to exercise supplemental jurisdiction over them." Id. at 673, citing 28 U.S.C. § 1367 (c)(3); Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3rd Cir. 1995); and Cronin v. West Whiteland Township, 994 F. Supp. 595 (E.D. Pa. 1998).

Dr. Brown is a creditor of Plaintiff's, and therefore cannot be a "debt collector" under the

Act.[1]  Accordingly, Plaintiff's claim against Dr. Brown under the Act must fail as a matter of law.  Such failure of course, divests the Court of jurisdiction over the remaining state claims, and they too should be dismissed with prejudice.  However, should the Court reach the sufficiency of Plaintiff's allegations with regard to her state claims, the same result is compelled.

Plaintiff's complaint alleges state causes of action for violation of 73 Pa. C.S.A. § 201-1 et seq. (The Unfair Trade Practices and Consumer Protection Law), Intentional Infliction of Emotional Distress, Defamation, and Civil Conspiracy.  Nowhere in Plaintiff's complaint is it alleged that Dr. Brown did or said anything directly which constituted any of these torts.  Rather, the theory of liability against Dr. Brown appears to be that of vicarious responsibility for the acts of Sarner and its employees, as agents or co-conspirators.

The complaint fails to set forth sufficient facts upon which vicarious liability may be established against Dr. Brown under either a theory of agency or conspiracy.

### B. Dr. Brown May Not Be Held Liable For The Negligence of Her Attorney, An Independent Contractor.

As a general rule, a principal cannot be held liable for the negligence of her independent contractor.  Steiner v. Bell of Pa., 626 A.2d 584, 586 (Pa.Super. 1993).  "The Third Circuit, applying Pennsylvania law, has found that an attorney acts on behalf of his client as an

---

[1] Moreover, none of the other defendants may be considered "debt collectors" under the Act either.  Section a(6)(d) of the Act specifically says that the term "debt collector" does not include "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt."  All of Defendant's allegations stem wholly from the attempt to serve legal process on Plaintiff in direct connection to the judicial enforcement of the debt she owed to Dr. Brown.  Therefore, none of the Defendants can be considered a "debt collector," and where the complaint fails to show that defendants in any way could be considered to be debt collectors themselves, there is "no basis to sustain Plaintiff's vicarious liability theory against the moving Defendant."  Gary v. Goldman & Company, supra. at 673.

independent contractor and not as an employee." I & S Associates Trust v. LaSalle National Bank, 2001 WL 1143319 (E.D.Pa. 2001), *citing* McCarthy v. Recordex Service, Inc., 80 F.3d 842, 853 (3rd Cir. 1996). "The most important factor in making the distinction between independent contractor and employee is the level of control exercised by the principal over the manner in which the work by its agent is completed." Id. at *4, *citing* Feller v. New Amsterdam Cas. Co., 70 A.2d 299, 300 (Pa. 1950). "Pennsylvania recognizes that an attorney maintains exclusive control over the manner in which he or she performs legal work. As a result, courts applying Pennsylvania law have held that the negligence of an attorney cannot be imputed to the client. Id. at *4, *citing* Ingersoll-Rand Equipment Corp., 963 F.Supp 452, 455 (M.D.Pa. 1997).

Plaintiff has alleged that Dr. Brown's attorney, by and through his employees or agents, committed certain acts which, solely by virtue of an agency relationship, should be imputed to Dr. Brown. As the law in Pennsylvania specifically prohibits imputing the negligent acts of an attorney to his client, the claims against Dr. Brown must fail as a matter of law.

### C.   Plaintiff's Complaint Fails to Set Forth Sufficient Facts to State A Cause Of Action For Civil Conspiracy Against Dr. Brown.

"Conclusory allegations of a conspiracy cannot withstand a motion to dismiss." Shirey v. Bensalem Township, 501 F.Supp. 1138, 1141 (D.C. Pa. 1980). The entire basis of Plaintiff's conspiracy claim against Dr. Brown rests upon the simple fact that she retained an attorney, who is then alleged to have committed, through a process server the attorney hired, certain torts against Plaintiff. This is a patently insufficient basis upon which to state a claim for conspiracy.

"In the instant case, Plaintiff's allegations of conspiracy are devoid of any underlying factual basis. The conspiracy allegations amount to little more than a series of diffuse and expansive allegations of a common plan. The requisite level of specificity, therefore, has not

been met by the complaint." Id. at 1142. Moreover, "all of the defendants are simply lumped together in unsupported allegations of conspiracy." Id. at 1143.

To state a claim for civil conspiracy, a Plaintiff must show " that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice i.e., an intent to injure is essential in proof of a conspiracy." Skipworth v. Lead Industry Association, Inc., 690 A.2d 169, 174 (Pa. 1997). Moreover, " only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain other action of the alleged conspirators, taken to achieve that purpose will be deemed sufficient..." Rose v. Bartle, 871 F.2d 331, 366 (3rd Cir. 1989), *see also* Ersek v. Township of Springfield, Delaware County, 822 F.2d 218, 223 (E.D. Pa. 1993), *reconsideration denied, affirmed*, 102 F.3d 79 (3rd Cir. 1996), *rehearing denied* (plaintiff must allege specific facts suggesting there was a mutual understanding among the alleged conspirators to take actions directed towards an unconstitutional end).

Plaintiff fails to allege any facts whatsoever in her complaint in support of her claim that Dr. Brown and any other Defendant had reached a meeting of the minds to engage in any unlawful act. In fact, Plaintiff specifically omits Dr. Brown from the list of Defendants who hired John Matusavage or John Doe, Process Server, thereby specifically precluding any possibility of a conspiracy between Dr. Brown and Matusavage or John Doe Process Server. (See ¶ 12 and 13 of Plaintiff's Complaint) Accordingly, Plaintiff's complaint fails to state a cause of action based upon a conspiracy theory, and must be dismissed as to Dr. Brown.

IV. **CONCLUSION**

For the reasons stated above and in the accompanying motion and supporting papers, the Defendant Jodi H. Brown, M.D. respectfully requests that this Honorable Court dismiss all

claims against moving Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).

                        Respectfully submitted,

                        BARATTA & RUSSELL, P.C.

By: _____
     ANTHONY J. BARATTA, ESQUIRE
     ANDREW P. BARATTA, ESQUIRE
     Attorney I.D. NoS. 56287/82250