IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARA FLAMM.** | : | NO. 02-CV-4302 |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **SARNER & ASSOCIATES, P.C. and** | : | |
| **JOSHUA SARNER, ESQUIRE and** | : | |
| **LEONARD SARNER, ESQUIRE and** | : | |
| **JODI H. BROWN, M.D. and JOHN** | : | |
| **MATUSAVAGE,** | : | |
| **Defendants** | : | |

# O R D E R

AND NOW, this         day of                    , 2002, upon consideration of Defendant Jodi H. Brown, M.D.'s Motion to Dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6), and any response thereto, it is hereby ORDERED that said Motion is GRANTED.

It is further ORDERED that Plaintiff's complaint as against Defendant Jodi H. Brown, M.D. is hereby DISMISSED with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM. | : | |
| **Plaintiff** | : | |
| | : | NO. 02–CV-4302 |
| v. | : | |
| | : | |
| SARNER & ASSOCIATES, P.C. and | : | |
| JOSHUA SARNER, ESQUIRE and | : | |
| LEONARD SARNER, ESQUIRE and | : | CIVIL ACTION |
| JODI H. BROWN, M.D. and JOHN | : | |
| MATUSAVAGE, | : | |
| **Defendants** | : | |

**DEFENDANT JODI H. BROWN, M.D.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(6)**

Defendant, Jodi H. Brown, M.D., by her undersigned counsel, Baratta & Russell, P.C., hereby moves this Honorable Court for dismissal of all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below and in the accompanying Memorandum of Law, Defendant, Jodi Brown, M.D., respectfully requests that Plaintiff's complaint be dismissed as against her.

1.  The instant Complaint arises from a debt judicially determined to be owed by Plaintiff to Defendant, Jodi H. Brown, M.D. ("Dr. Brown"). (See ¶16, 17 of Plaintiff's Complaint)

2.  Dr. Brown is a licensed child and adult psychiatrist, who provided Plaintiff with psychiatric evaluation and treatment services over the course of 18 months in 1997 and 1998.

3. Plaintiff failed to pay for those services rendered, and on April 4, 2001, a default judgment was entered against Plaintiff in Philadelphia Municipal Court, in the amount of $6,280.50. (See ¶17 of Plaintiff's Complaint)

4. Plaintiff alleges that Dr. Brown retained the services of defendant, Sarner & Associates, Joshua Sarner, Esquire and/or Leonard Sarner, Esquire (hereinafter "Sarner") as her attorney, to represent her interests in attempting to collect the money owed by Plaintiff.

5. Plaintiff further alleges that Sarner employed a "process server" in an effort to serve Plaintiff with a Notice of Deposition in Aid of Execution of the Municipal Court Judgment.

6. Plaintiff alleges that the process server said and did certain things in the course of serving legal process, upon which actions the entire Complaint is based.

7. The sole count of Plaintiff's Complaint from which this Court's jurisdiction derives is an alleged violation by all defendants of 15 U.S.C. § 1692, et. seq., the Fair Debt Collection Practices Act (the "Act") (see ¶1 of Plaintiff's Complaint).

8. The remaining counts of Plaintiff's complaint are State causes of action.

9. Plaintiff fails to state a cause of action under the Act against Dr. Brown because Dr. Brown is not a "debt collector" as defined therein, which is necessary for the Act to apply. Dr. Brown is rather, a creditor of Plaintiff's, and the Act is inapplicable to creditors. See Gary v. Goldman and Company, 180 F. Supp. 2d 668 (E.D. Pa. 2002).

10. Plaintiff fails to state a cause of action against any of the defendants under the Act, as service of process in connection with the judicial enforcement of any debt does not fall within the ambit of the Act. 15 U.S.C. § 1692(a)(6)(d).

11. All of Plaintiff's claims against Dr. Brown are based upon a theory of vicarious liability, through either an agency relationship, or through an alleged conspiratorial relationship, with the defendants, Sarner (see ¶ 8, 9 of Plaintiff's Complaint).

12. Plaintiff makes no claim that Dr. Brown, either employed or contracted with Defendants, John Matusavage, but only that Defendants Sarner did (see ¶ 12, 13 of Plaintiff's Complaint).

13. Under Pennsylvania law, an attorney is considered an independent contractor of his client, and the client may not be held vicariously liable for the negligence of the attorney. See <u>I&S Associates Trust v. LaSalle National Bank</u>, 2001 WL 1143319 (E.D. Pa. 2001) and <u>Feller v. New Amsterdam Ass. Co.</u>, 70 A.2d 299, 300 (Pa. 1950).

14. Plaintiff's allegations of conspiracy must fail as well, as the Complaint simply makes conclusory legal allegations thereof, and is devoid of any specific facts showing an agreement amongst the defendants to do an unlawful act. <u>Shirey v. Bensalem Township</u>, 501 F. Supp. 1138, 1141 (D.C. Pa. 1980).

15. Plaintiff has failed to state any claim against Dr. Brown upon which relief can be granted.

16. Dismissal of Plaintiff's Complaint on all counts against Dr. Brown is appropriate

pursuant to Fed. R.Civ.P. 12(b)(6).

**WHEREFORE**, Defendant Jodi H. Brown, M.D., respectfully requests that Plaintiff's Complaint be dismissed with prejudice, for failing to state a claim upon which relief can be granted.

Respectfully Submitted

**BARATTA & RUSSELL, P.C.**

By:_____
**ANTHONY J. BARATTA, ESQ.**
**ANDREW P. BARATTA, ESQ.**