IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM, | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| SARNER & ASSOCIATES, P.C. and | : | |
| JOSHUA SARNER, ESQ. and | : | |
| LEONARD SARNER, ESQ. and | : | |
| JODI H. BROWN, M.D. and | : | |
| JOHN MATUSAVAGE, | : | |
| Defendants | : | NO. 02-4302 |

**ANSWER AND NEW MATTER**
**TO PLAINTIFF'S COMPLAINT**

Defendant Jodi H. Brown, M.D., by and through her attorneys, Baratta & Russell, P.C., hereby presents this Answer and New Matter to Plaintiff's Complaint, and in support thereof, avers as follows:

1. Denied as a conclusion of law to which no response is required.

2. Denied as a conclusion of law to which no response is required.

3. Admitted upon information and belief.

4. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 4 as it is directed to a party other than answering Defendant.

5. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 5 as it is directed to a party other than answering Defendant..

6. Answering Defendant is without sufficient information to either admit or deny the

allegations contained in paragraph 6 as it is directed to a party other than answering Defendant.

7. Admitted in part, denied in part. It is admitted that Defendant, Jodi H. Brown, M.D., is an adult individual who regularly conducts business at 325 Chestnut Street, Suite 1308, Philadelphia, PA. It is denied that Jodi H. Brown, M.D. was a debt collector as defined in 15 U.S.C. § 1692A(6).

8. Denied. At no time did Defendant, Jodi H. Brown, M.D., control, direct, supervise and/or approve of the actions of Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and John Doe with respect to the collection of the debt owed by Plaintiff.

9. Denied.

10. Answering Defendant is without sufficient information to either admit or deny the allegations of paragraph 10, as it is directed to a party other than answering Defendant.

11. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 11, as it is directed to a party other than answering Defendant.

12. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 12, as it is directed to a party other than answering Defendant.

13. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 13, as it is directed to a party other than answering Defendant.

14. Denied as a conclusion of law to which no response is required. It is specifically denied that John Matusavage was at any time the employee, agent or representative of answering

   Defendant.

15. Denied as a conclusion of law to which no response is required. It is specifically denied that John Matusavage was at any time the employee, agent or representative of answering Defendant.

16. Admitted.

17. Admitted.

18. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 18, and therefore, this allegation is denied.

19. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19, and therefore, this allegation is denied.

20. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 20, and therefore, this allegation is denied.

21. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 21, and therefore, this allegation is denied.

22. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 22, and therefore, this allegation is denied.

23. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 23, and therefore, this allegation is denied.

24. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 24, and therefore, this allegation is denied.

25. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 25, and therefore, this allegation is denied.

26. Denied. Answering Defendant is without sufficient information to either admit or deny

the allegations contained in paragraph 26, and therefore, this allegation is denied.

27. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 27, and therefore, this allegation is denied.

28. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 28, and therefore, this allegation is denied.

29. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 29, and therefore, this allegation is denied.

30. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 30, and therefore, this allegation is denied.

31. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 31, and therefore, this allegation is denied.

32. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 32, and therefore, this allegation is denied.

33. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 33, and therefore, this allegation is denied.

34. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 34, and therefore, this allegation is denied.

35. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 35, and therefore, this allegation is denied.

36. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 36, and therefore, this allegation is denied.

37. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 37, and therefore, this allegation is denied.

38. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 38, and therefore, this allegation is denied.

39. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 39, and therefore, this allegation is denied.

40. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 40. Furthermore, it is specifically denied that any words John Doe Process Server may have uttered were uttered on behalf of answering Defendant.

41. Denied. Answering Defendant is without sufficient information to know what charges or utterances about Defendant were made, or whether these charges and utterances were false, and therefore, said allegation is denied.

42. Denied. It is denied that answering Defendant engaged in any negligent, reckless, malicious and/or illegal acts. With respect to the allegations that Plaintiff suffered substantial mental pain, anguish and severe emotional distress, answering Defendant is without sufficient information to either admit or deny said allegations, and therefore, said allegations are denied.

43. Denied. Answering Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 42, and therefore, said allegations are demand..

44. Denied. It is denied that answering Defendant, Jodi H. Brown, M.D. has a policy or practice of harassing or embarrassing debtors at their workplace in order to coerce payment or make favorable payment arrangements.

45. Denied. It is denied that Jodi H. Brown, M.D. purposely forwarded the collection of Plaintiff's debt and other debt collection matters to Defendants, because she knew that

Defendants utilize unfair, oppressive and/or illegal tactics to coerce, embarrass, and browbeat former patients to satisfy debts.

46. Admitted in part, denied in part. It is admitted only that Defendant, Jodi H. Brown, M.D., was the treating psychiatrist of Plaintiff. It is denied that answering Defendant, Jodi H. Brown, M.D. directed Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire and Leonard Sarner, Esquire in any way, in their collection of the judgment owed by Plaintiff to answering Defendant.

## COUNT I

47-50. By order dated November 6, 2002, by the Honorable Lowell A. Reed, Jr., S.J., Count I has been dismissed as to answering Defendant, and no answer is thereby required.

## COUNT II

51. Paragraph 51 is an incorporation paragraph to which no response is required.

52. Denied as a conclusion of law to which no response is required.

53. Denied as a conclusion of law to which no response is required.

54. Denied as a conclusion of law to which no response is required.

55. (a) Denied as a conclusion of law to which no response is required.

    (b) Denied as a conclusion of law to which no response is required.

    (c) Denied as a conclusion of law to which no response is required

WHEREFORE, Defendant, Jodi H. Brown, M.D. demands judgment in her favor and against Plaintiff.

## COUNT III

56-61. By Order dated November 6, 2002, by the Honorable Lowell A. Reed, Jr., S.J., Count III of Plaintiff's Complaint has been dismissed as to all Defendants, and therefore no answer

is required.

## COUNT IV

62. Paragraph 62 is an incorporation paragraph to which no response is required.

63. Denied as conclusions of law, to which no response is required.

64. Denied as conclusions of law, to which no response is required.

65. Denied as conclusions of law, to which no response is required.

WHEREFORE, answering Defendant, Jodi H. Brown, M.D., demands judgment in her favor and against the Plaintiff.

## COUNT V

66. Paragraph 66 is an incorporation paragraph to which no response is required.

67. Denied as conclusions of law, to which no response is required.

68. Denied. It is denied that Defendants acted in any way to intentionally cause emotional distress to Plaintiff.

69. Denied. It is denied that Defendants acted in any way to intentionally defame Plaintiff.

70. Denied as conclusions of law, to which no response is required.

71. Denied. It is denied that Defendants acted in concert in collecting Plaintiff's debt. Further, any and all characterizations of Defendant's motives in collecting said debt are expressly denied.

72. Denied. It is denied that Defendants acted with malice or the intent to deprive Plaintiff of her right to be free from harassment, coercion, intimidation, and embarrassment.

73. Denied. It is denied that any actions of the Defendants were improper and/or illegal.

74. Denied as a conclusion of law to which no response is required.

WHEREFORE, answering Defendant, Jodi H. Brown, M.D., demands judgment in her favor and against Plaintiff.

### NEW MATTER / CROSSCLAIM
### Jodi H. Brown, M.D. v. Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and John Matusavage

75. Paragraphs 1 through 74 are incorporated herein as if fully set forth at length.

76. Jodi H. Brown, M.D. expressly denies any and all allegations of wrongdoing in connection with Plaintiff's complaint in this matter. However, should it be determined that Plaintiff has suffered damages in connection with the service of process with regard to the debt owed by Plaintiff, Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and John Matusavage are wholly responsible for any and all such damages and liable over to Jodi H. Brown, M.D.

WHEREFORE, Jodi H. Brown, M.D., respectfully requests that should a finding of liability be made in this case, it be found that Defendants Sarner & Associates, P.C., Joshua Sarner, Esquire, Leonard Sarner, Esquire and John Matusavage are liable over to Jodi H. Brown, M.D.

### Affirmative Defenses

77. Paragraphs 1 through 76 are hereby incorporated herein, as though fully set forth at length.

78. Plaintiff's claims are barred by the applicable statute of limitations.

79. Plaintiff's claims are barred by collateral estoppel.

80. Plaintiff's claims are barred by laches.

81. Plaintiff's claims are barred by accord and satisfaction.

82. Plaintiff has assumed the risk.

83. By failing to pay the debt lawfully owed by Plaintiff, and actively evading all efforts to collect the debt, Plaintiff was contributorily negligent with regard to any alleged damages she suffered as a result of efforts made to collect that debt.

84. Any and all alleged statements about Plaintiff were published in a proper manner, upon a proper occasion, and were the result of a proper motive, and therefore constituted fair comment.

85. Any and all alleged statements attributed to Defendants by Plaintiff were true.

WHEREFORE, Defendant, Jodi H. Brown, M.D., respectfully requests that judgment be entered against Plaintiff on all Counts.

        Respectfully submitted,

        BARATTA & RUSSELL, P.C.

By: _____
     Anthony J. Baratta, Esquire

_____
Andrew P. Baratta, Esquire

Date: _____

Flamm(Brown)-11/20/02
Ans-NewMatter/APB-cy

## CERTIFICATE OF SERVICE

I, Anthony J. Baratta, Esquire, attorney for Defendant Jodi H. Brown, M.D., do hereby certify that I caused the foregoing Defendant, Jodi H. Brown's Answer and New Matter to Plaintiff's Complaint to be served this day by United States first class mail, postage prepaid to the following parties:

>The Honorable Lowell A. Reed
>Room 11614, U. S. Courthouse
>601 Market Street
>Philadelphia, PA 19106

>Robert P. Brand, Esquire
>Wilk & Brand, P.C.
>1200 Walnut Street, 5th Floor
>Philadelphia, PA 19107

>James W. Christie, Esquire
>Christie, Pabarue, Mortensen & Young
>1880 John F. Kennedy Blvd., 10th Flr.
>Philadelphia, PA 19103

>Bayard M. Graf, Esquire
>Graf & Graf, P.C.
>162 Beaumont Road
>Devon, PA 19333-1849

**BARATTA & RUSSELL, P.C.**

BY: _____
ANTHONY J. BARATTA, ESQUIRE
Attorney for Defendant, Jodi H. Brown, M.D.

Dated: _____