IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 02-4302 |
| v. | : | |
| SARNER & ASSOCIATES, P.C. et al. | : | |
| Defendants. | : | |

### ATTORNEY DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIM

Defendants, Sarner & Associates, P.C.; Joshua Sarner, Esquire; and Leonard Sarner, Esquire (hereinafter collectively, "attorney defendants"), by and through their attorneys Christie, Pabarue, Mortensen and Young, A Professional Corporation, hereby submit this Answer with Affirmative Defenses and Crossclaim to Plaintiff's Complaint and in support thereof aver as follows:

1-2. Denied.

3. Admitted upon representation of the plaintiff.

4.-17. Denied.

18. Admitted, upon information and belief.

19.-20. Denied. Attorney defendants incorporate their response to paragraphs 10-15 as if the same were set forth at length herein. The receipt of service (if any) relating to the service of the Notice of Deposition in Aid of Execution is a written document that speaks for itself.

21. Denied as stated. It is admitted only that plaintiff provided neither specific authorization to attorney defendants allowing the service of process at her place of employment nor specific instructions prohibiting such service.

22.-46. Denied

## COUNT I

47. Attorney defendants incorporate their responses to paragraphs 1-46 as if the same were set forth at length herein.

48-50. Denied. The averments of these paragraphs constitute conclusions of law, to which no response is required.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate.

## COUNT II

51. Attorney defendants incorporate their responses to paragraphs 1-50 as if the same were set forth at length herein.

52-55. Denied.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate.

## COUNT III

56. Attorney defendants incorporate their responses to paragraphs 1-55 as if the same were set forth at length herein.

57-61. Denied.

**WHEREFORE**, attorney defendants assert that the putative claims of this Count were dismissed by the Court's Order of November 6, 2002 and are moot.

## COUNT IV

62. Attorney defendants incorporate their responses to paragraphs 1-61 as if the same were set forth at length herein.

63-65. Denied.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate.

## COUNT V

66. Attorney defendants incorporate their responses to paragraphs 1-65 as if the same were set forth at length herein

67-74. Denied.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate.

:397220-1

3

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action against attorney defendants upon which relief can be granted.

2. Plaintiff's putative claims against the attorney defendants may be barred, in whole or in part, by the doctrine of laches.

3. Count I of the plaintiff's Complaint fails to state any claims under the Fair Debt Collection Practices Act ("FDCPA") against attorney defendants upon which relief can be granted.

5. Count II of the plaintiff's Complaint fails to state any claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), including but not limited to, Fair Credit Extension Uniformity Act (FCEUA), against attorney defendants upon which relief can be granted.

6. Count III of the plaintiff's Complaint has been dismissed by the Court's Order of November 6, 2002.

7. Count IV of the plaintiff's Complaint fails to state any claims for defamation-slander against attorney defendants upon which relief can be granted.

8. Count V of the plaintiff's Complaint fails to state any claims for civil conspiracy against attorney defendants upon which relief can be granted.

9. Plaintiff, without legal excuse or justification has, in the past, refused to pay monetary charges owed to co-defendant Jodi H. Brown, M.D. ("Dr. Brown") for medical services that she received.

10. The UTPCPL requires plaintiffs to demonstrate the existence of actual damages.

11. The FCEUA requires plaintiffs to demonstrate the existence of actual damages.

12.     Plaintiff's purported claims against attorney defendants are barred and/or are otherwise limited by the doctrines of collateral estopel and/or res judicata.

13.     Plaintiff's alleged harm, if any, is due to the negligence and/or breach of duty by a third party or third parties over whom attorney defendants did not and do not exercise control and/or have an ability to control.

14.     Attorney defendants were retained by defendant Jodi H. Brown, M.D. as legal counsel to litigate an action against plaintiff for unpaid medical expenses.

15.     John Matusavage (and/or "John Doe Process Server") was not an employee, agent or authorized representative of Sarner & Associates, P.C.

16.     Attorney defendants do not employ persons as "debt collectors" within the meaning of the FDCPA and/or FCEUA.

17.     John Matusavage is a process server who receives assignments from attorney defendants as an independent contractor or outside vendor to effect service of legal process.

18.     Prior to January 25, 2002, Robert P. Brand, Esquire, did not enter his appearance and/or provide notice to attorney defendants that he represented plaintiff in the Philadelphia County lawsuit filed by attorneys defendants on behalf of co-defendant Jodi H. Brown, M.D.

19.     Attorney defendants do not satisfy the definition of a "debt collector" under either the FDCPA or FCEUA.

20.     Plaintiff's purported claims against the attorney defendants are barred and/or must be reduced under and pursuant to the doctrine of contributory negligence.

21.     Attorney defendants' conduct in the litigation of claims of Dr. Brown in pursuit of monies reflecting services provided to plaintiff conformed to all applicable professional standards of care under Pennsylvania law.

22. Attorney defendants did not instruct John Matusavage (or John Doe Process Server) to harass, intimidate, threaten, reveal confidential information or otherwise act in contravention of the FDCPA, UTPCPL, FCEUA or any other state or federal law.

23. This Court lacks jurisdiction over the instant matter due to the plaintiff's pending petition, and related proceedings, before the United States Bankruptcy Court for the Eastern District of Pennsylvania.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate.

## CROSSCLAIM

### Attorney Defendants v. John Matusavage and John Doe Process Server

1. Attorney defendants deny any and all liability to plaintiff. However, if plaintiff is entitled to recovery based on the allegations of her Complaint or proof in support thereof, any such right to recovery is due to and based solely upon the acts and/or omissions of co-defendants John Matusavage and/or John Doe Process Server, against whom attorney defendants assert a right to contribution and/or indemnity for any damages for which attorney defendants may be determined to be solely liable to plaintiff and/or for any damages for which attorney defendants may be determined to be jointly and/or severally liable to plaintiff with co-defendants John Matusavage and/or John Doe Process Server.

**WHEREFORE**, attorney defendants pray that the Court grant judgment in their favor, dismiss the plaintiff's Complaint with prejudice, award attorney defendants all reasonable

attorney's fees, costs and expenses incurred by them in defending this case, and provide such other and further relief as may be appropriate. Alternatively, if attorney defendants are found liable to plaintiff, attorney defendants demand that co-defendants, John Matusavage and/or John Doe Process Server, be found liable to plaintiff together with attorney defendants or that judgment be entered in favor of attorney defendants and against the aforenamed co-defendants for contribution and/or indemnification for any such damages, together with attorney defendants' costs and disbursements.

        Respectfully submitted,

        **CHRISTIE, PABARUE, MORTENSEN and YOUNG**
          *A Professional Corporation*

By: _____
     JAMES W. CHRISTIE (I.D. No. 12068)
     WILLIAM F. MCDEVITT (I.D. No. 80206)
     1880 JFK Blvd., 10th Floor
     Philadelphia, PA 19103/ (215) 587-1600

     Attorneys for Defendants, Sarner & Associates, P.C.; Joshua Sarner, Esquire and Leonard Sarner, Esquire ("Attorney Defendants")

Dated:

**CERTIFICATE OF SERVICE**

    I hereby certify that true and correct copies of the foregoing Answer with Affirmative Defenses and Crossclaim to Plaintiff's Complaint of Attorney Defendants were served today via first class mail (as well as electronically via the Electronic Court Filing ("ECF") system) to all counsel of record at the addresses listed below:

Robert P. Brand, Esquire
1200 Walnut Street, 5th Floor
Philadelphia, PA  19107

Anthony Baratta, Esquire
Baratta & Russell, P.C.
The Loft at Mount Jolly
2661 Huntingdon Pike
Huntingdon Valley, PA  19006

Bayard H. Graf, Esquire
Graf & Graf, P.C.
162 Beaumont Road
Devon, PA 19333-1849


        WILLIAM F. McDEVITT

Dated: