IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARA FLAMM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 02-4302 |
| v. | : | |
| SARNER & ASSOCIATES, P.C. and JOSHUA SARNER, ESQUIRE and LEONARD SARNER, ESQUIRE and JODI H. BROWN, M.D. and JOHN MATUSAVAGE, | : | |
| Defendants. | : | |

**SUR-REPLY IN SUPPORT OF
ATTORNEY DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND ATTORNEY DEFENDANTS' MOTION TO DISMISS COUNT III OF
<u>PLAINTIFF'S PROPOSED AMENDED COMPLAINT</u>**

**I.    <u>INTRODUCTION</u>**

Defendants Sarner & Associates, P.C., Leonard Sarner, Esquire, and Joshua Sarner, Esquire (collectively "attorney defendants") file this response to address certain issues raised in plaintiff's Reply Brief in Support of Motion to Amend Complaint and in Opposition to the Motion to Dismiss of the Sarner Defendants. Plaintiff has included several misstatements of law in her attempt to add an additional claims under Pennsylvania's Fair Debt Extension Uniformity Act ("FCEUA"), 73 Pa.C.S.A. § 2270.4(a). For the reasons set forth below and in the attorney defendants' Opposition to Plaintiff's Motion For Leave to File an Amended Complaint Or, In The Alternative, Defendants Motion To Dismiss Count III of Plaintiffs' Proposed Amended Complaint ("attorney defendants' Opposition"), attorney defendants respectfully request that this

:404654-1

Court deny plaintiff's Motion to Amend with respect to Count III of her proposed Amended Complaint.

IV. **LEGAL ARGUMENT**

    A. **PLAINTIFF HAS FAILED TO PRESENT ANY PERSUASIVE AUTHORITY OR ARGUMENT THAT PENNSYLVANIA'S FCEUA MAY BE USED TO OBTAIN SANCTIONS ARISING FROM CONDUCT BEFORE THE UNITED STATES BANKRUPTCY COURT.**

Plaintiff relies upon a single Pennsylvania Superior Court case, Werner v. J. Plater-Zyberk, for the proposition that Pennsylvania's wrongful use of civil proceedings statute may be applied to actions before the United States Bankruptcy Court. 799 A.2d 776, 784 (Pa.Super. 2002). The Superior Court's holding in Werner does not relate to bankruptcy proceedings, but stands for the proposition that Federal Rule of Civil Procedure 11 does not bar a party from seeking damages in tort for malicious prosecution arising from a lawsuit filed pursuant to the Racketering, Influence and Corrupt Organizations Act. 799 A.2d at 784. The Werner court relied upon federal precedent which stated that the existence of Rule 11 (and other sanctions provisions) did not create a federal common law cause of action of malicious prosecution, and that Rule 11 therefore did not bar a suit in malicious prosecution under state law concerning proceedings before the United States District Court. Id. Upon information and belief, the Werner case is currently on appeal to the Pennsylvania Supreme Court.

The Superior Court holding in Werner is irrelevant to the question of whether state law can place additional obligations upon persons practicing before the United States Bankruptcy Court under the United States Bankruptcy Code. Both federal courts and the courts of the Commonwealth of Pennsylvania have held that the internal provisions of the United States Bankruptcy Code and the Rules of Procedure in Bankruptcy preempt and preclude state law

:404654-1

2

claims arising from a party's conduct before the Bankruptcy Court. MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 912-16 (1996); Gonzales v. Parks, 830 F.2d 1033, 1035-37 (9th Cir. 1987); Shiner v. Moriarty, 706 A.2d 1228, 1237-38 (Pa.Super. 1998); see also Glannon v. Garrett & Associates, Inc., 261 B.R. 259, 263-67 (D.Kan. 2001)(discussing the various authorities concerning preemption of state law claims concerning bankruptcy matters/procedure). The Pennsylvania Superior Court's ruling in Werner does not address or change the legal distinction between practice before the Bankruptcy Court and practice before the United States District Court. Moreover, this matter presents a conflict between state law and federal law because it concerns the application of the FCEUA, a state consumer protection statute, to practice governed by the Bankruptcy Code, a constitutionally-mandated consumer protection procedure. The FCEUA cannot be applied as an additional level of statutory sanction to practice before the Bankruptcy Court, and therefore Count III of the plaintiff's proposed Amended Complaint relating to the attorney defendants' filing of an Objection to Discharge in the plaintiff's bankruptcy action should be precluded or dismissed.

    **B.**    **THIS COURT HAS NOT DETERMINED WHETHER THE FILING OF LEGAL PROCESS IN THE UNITED STATES BANKRUPTCY COURT MAY CONSTITUTE A VIOLATION OF THE FDCPA OR FCEUA, WHICH IT CANNOT**

Plaintiff argues that this Court in its November 6, 2002 Memorandum held that the attorney defendants are "debt collectors" under the FDCPA with respect to the service of process upon Ms. Flamm on or about January 24, 2002, and that this holding controls the determination of whether attorney defendants may be found to be "debt collectors" with respect to the filing of an Objection to Discharge before the United States Bankruptcy Court on or about May 20, 2002. This argument ignores the factual difference between the two events in question as well as the provisions of the FCEUA regarding the prosecution of lawsuits.

Even if the attorney defendants could be found to be "debt collectors" under the FCEUA (which attorney defendants deny), the FCEUA does not apply to the service of discovery, pleadings or the use of legal process to reduce a debt to a judgment.  73 P.S. § 2270.3(Definitions - Debt collector").  Specifically, the FCEUA's definition of  "debt collector" states:

>  (3)    The term does include:
>
>  (ii)    An attorney, whenever such attorney attempts to collect a debt, as herein defined, <u>except in connection with</u> the filing or service of pleadings or discovery or <u>the prosecution of a lawsuit to reduce a debt to judgment.</u>

73 P.S. § 2270.3 (emphasis added).

This Court's finding that the attorney defendants may not avail themselves of a "service of process" exclusion of the Fair Debt Collection Uniformity Act ("FDCPA") 15 U.S.C. § 1692, *et seq*. bears no relation to whether the filing of an Objection to Discharge constitutes the "prosecution of a lawsuit to reduce a debt to judgment" within the terms of the FCEUA.  The FCEUA specifically exempts the prosecution of a legal claim from its provisions, and therefore the filing of the Objection to Discharge cannot form the basis of a FCEUA claim.

### C.    PLAINTIFF IS PRECLUDED FROM SIMULTANEOUSLY OBTAINING RELIEF UNDER THE FDCPA AND THE FCEUA FOR PUTATIVE CLAIMS ARISING FROM THE SAME FACTS.

Plaintiff cannot plead two statutory causes of the action "in the alternative" where one statute specifically prohibits such "alternative" pleading.  The express terms of the FCEUA state that the plaintiff cannot obtain "cumulative penalties" arising from the same conduct.  73 Pa.C.S.A § 2270.5(c).  The sole case cited by plaintiff, <u>Oslan v. Collection Bureau of Hudson Valley</u>, does not address this issue, but merely states that the class representative claimant has alleged facts sufficient to certify a class under the FDCPA.  206 F.R.D. 109 (E.D.Pa. 2002).  It is

axiomatic that in the absence of any case law interpreting the statute in question, the clear meaning of the terms of the statute must control. The plaintiff's attempt to incorporate by reference her purported claims under Count I (and Count II)[1] is, therefore, barred by the statute upon which she relies. Accordingly, plaintiff should be precluded from amending Count III of her Complaint or, in the alternative, the amended Count III must be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, and in their Opposition, attorney defendants respectfully request that the Court deny plaintiff's Motion to Amend her Complaint. Plaintiff's proposed addition of Count III, alleging a claim under the FCEUA, fails to set forth a cause of action against the attorney defendants. Plaintiff's purported FCEUA claim concerning the attorney defendant's conduct before the United States Bankruptcy Court is preempted by federal law, the Bankruptcy Code itself. See Gonzales, MSR Exploration, Ltd., and Shiner. In addition, the express provisions of the FCEUA exempt attorneys from liability associated with the filing of legal process in prosecution of a lawsuit to reduce a debt to judgment, and therefore cannot be held to apply to the filing of an Objection to Discharge before the Bankruptcy Court. Similarly, the express provisions of the FCEUA dictate that plaintiff cannot assert a putative FCEUA claim while seeking the same cumulative relief under the FDCPA.

---

[1] The FCEUA is a provision of Pennsylvania's Consumer Protection Law, 73 Pa.C.S.A. § 201-1 *et seq*. 73 Pa.C.S. § 2270.1. In this sense, plaintiff has attempted to assert the same cause of action (rather than "alternative" causes of action) three times, through the FDCPA, the FCEUA and the Consumer Protection Law.

:404654-1

5

For these reasons, the plaintiff's Motion to Amend her Complaint should be denied or, in the alternative, the claims raised in the Amended Complaint should be dismissed pursuant to F.R.Civ.P. 12(b)(6).

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN and YOUNG
   A Professional Corporation

By: _____
JAMES W. CHRISTIE  (I.D. No. 12068)
WILLIAM F. MCDEVITT (I.D. No.: 80206)

Dated:_____

Attorneys for Defendants Sarner & Associates, P.C.; Joshua Sarner, Esquire and Leonard Sarner, Esquire ("Attorney Defendants")

:404654-1