IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SARNER & ASSOCIATES, P.C. and<br>JOSHUA SARNER, ESQUIRE and<br>LEONARD SARNER, ESQUIRE and<br>JODI H. BROWN, M.D. and JOHN<br>MATUSAVAGE,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 02-4302 |

**THE SARNER DEFENDANTS' RESPONSE TO
<u>JOHN MATUSAVAGE'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant John Matusavage (hereinafter "Mr. Matusavage") has filed a motion that adopts the summary judgment arguments of defendants Joshua Sarner, Esquire (hereinafter "Attorney Sarner"), Leonard Sarner, Esquire,[1] and their firm, Sarner & Associates (collectively "the Sarner defendants"). At the same time, however, Mr. Matusavage attempts to preserve a putative indemnification cross-claim against the Sarner defendants by incorrectly asserting that the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), embraces a wider doctrine of vicarious liability than Pennsylvania law. The Sarner defendants submit this response to address Mr. Matusavage's misstatement of the law regarding vicarious liability and to reassert, as set forth in their motion for summary judgment, that the Sarner defendants cannot be held liable for the alleged actions of Mr. Matusavage.

---

[1] Plaintiff's counsel has indicated to both defendants' counsel and the Court that plaintiff will withdraw her putative claims against Leonard Sarner. As of this date, no written release has been executed by plaintiff or her counsel, but is expected to be executed and provided to the Court in the near future.

:401841-1

Mr. Matusavage cites only two (2) cases, <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379 (3rd Cir. 2000) and <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507 (8th Cir. 1994), for the proposition "that the doctrine of vicarious liability under the FDCPA is sufficiently broad under controlling precedent such that a collection lawyer would be vicariously liable as a matter of law if the conduct of the process server he engaged violated the FDCPA." Neither of these cases involve process servers or independent contractors who deliver communications. Thus, neither of these cases are applicable to the instant matter.

In <u>Fox</u>, plaintiff owed a credit card balance to Citibank, who referred the matter to Citicorp Credit Services. 15 F.3d at 1510. Citicorp then retained counsel to file suit, but neglected to inform its attorneys when plaintiff successfully began a payment plan. <u>Id</u>. at 1511. The Court in <u>Fox</u> held that the 1986 repeal of an exemption for attorneys necessarily brought the collections actions of counsel within the meaning of the FDCPA. <u>Id</u>. at 1513. The Court went on to state when Congress made attorneys liable for debt collection activities, it necessarily made debt collectors vicariously liable for the actions of counsel retained to undertake debt collection activities. <u>Id</u>. The Ninth Circuit cited no authority for the proposition that debt collectors are liable for the actions of their counsel, though this position has been adopted by other Courts following <u>Fox</u>. See <u>Newman v. Checkrite</u>, 912 F.Supp. 1354, 1370 (E.D.Ca. 1995)(imposing vicarious liability for actions of counsel based upon federal common law), <u>but see</u> <u>Charles v. Check-Rite</u>, 1998 U.S. Dist LEXIS 22512 at *20 (D.Az. 1998)(in order to establish vicarious liability the debt collector must manifest intent to permit debt collector to act as an agent). The holding in <u>Fox</u> was, therefore, limited to the existence of vicarious liability arising from an attorney-client relationship between counsel and a debt collector.

In <u>Pollice</u>, the Third Circuit Court of Appeals expanded the holding in <u>Fox</u> by stating that when one debt collector (National Tax Funding, L.P. or "NTF") employs another debt collector (Capital Asset Research Corp., Ltd. or "CARC"), it may be held liable for its employee's violation of the FDCPA. 225 F.3d at 404. NTF purchased delinquent water and sewer claims from the City of Pittsburgh and the Pittsburgh School District pursuant to a written agreement of assignment. <u>Id</u>. at 385. NTF then hired CARC pursuant to a servicing agreement to collect the delinquent claims. <u>Id</u>. at 386. The Third Circuit found that NTF was a "debt collector" within the meaning of the FDCPA because the claims were delinquent when purchased. <u>Id</u>. at 403. The court then held that NTF would be liable for any violations of the FDCPA of CARC because <u>both NTF and CARC were debt collectors</u>. <u>Id</u>. at p. 404 (adopting an opinion of the Colorado Court of Appeal for the proposition "vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6)"). The result in <u>Pollice</u> was found to be fair because both NTF and CARC was responsible for conforming its activities with the FDCPA and NTF could not avoid its FDCPA obligations merely by "out-sourcing" its duties to another party. <u>Id</u>.

Neither <u>Fox</u> nor <u>Pollice</u> is applicable to the Sarner defendants and neither support a claim of vicarious liability in the action. As argued in their motion for summary judgment, the Sarner defendants are not "debt collectors" within the meaning of the FDCPA and cannot be held liable under that statute. <u>See</u> Section V.A. of the Sarner defendants' memorandum of law in support of summary judgment. The Sarner defendants cannot be held liable for the alleged actions of Mr. Matusavage where they themselves do not fall within the regulatory provisions of the FDCPA. <u>Pollice</u>, 224 F.3d at 404-405. Accordingly, the Sarner defendants cannot be held vicariously liable for Mr. Matusavage's actions under the FDCPA.

:401841-1

In addition, plaintiff cannot establish that Mr. Matusavage was a "debt collector" within the meaning of the FDCPA, and therefore cannot establish vicarious liability under Pollice. In his deposition, Mr. Matusavage testified that he operated a business, alternatively called "John's Investigative Service" and "John's Subpoena Service" between 1985 and 1987.[2] Mr. Matusavage operated his process and investigation business by himself, from his home as a sole proprietorship and advertised by hand delivering flyers to addresses that he located through the legal directory.[3] He provided his delivery service to approximately 250 attorneys between 1988 and 2004.[4] Mr. Matusavage was not questioned concerning "debt collection" activities. His actions as a process server fall within an express exemption of the FDCPA:

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to be owed to another. . . . The term does not include:
>
> \*       \*       \*
>
> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of a debt.

15 U.S.C. §1692a(6)(emphasis added).

It is plaintiff's burden to show that Mr. Matusavage "principally" or "regularly" engaged in "debt collection" activities within the meaning of the FDCPA. Goldstein v. Hutton, 374 F.3d 56, 61 (2nd Cir. 2004). There is no evidence of record to support such a contention. If Mr.

---

[2] January 17, 2005 deposition of John Matusavage at pp. 12-13, 31 and 74 a true and correct copy of which is attached in excerpted form to the Sarner defendants' motion for summary judgment as Exhibit 7 (hereinafter "Ex. 7").

[3] Ex. 7 at pp. 15-18.

[4] Ex. 7 at. pp. 23-25.

:401841-1

4

Matusavage was not a "debt collector" under the FDCPA, then the vicarious liability doctrine set forth in Fox and Pollice is inapplicable in this case.

For these reasons, plaintiff cannot set forth a cognizable FDCPA claim against the Sarner defendants based upon a theory of vicarious liability. The Sarner defendants respectfully request, therefore, that the Court disregard footnote 1 to Mr. Matusavage's motion for summary judgment.[5] The Sarner defendants also respectfully request that the Court grant their motion for summary judgment for the reasons set forth in their memorandum of law in support thereof.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN and YOUNG
A Professional Corporation

By: _____
JAMES W. CHRISTIE (I.D. No. 12068)
WILLIAM F. MCDEVITT (I.D. No.: 80206)
Attorneys for Defendants Sarner & Associates, P.C.;
Joshua Sarner, Esquire and Leonard Sarner, Esquire
("Attorney Defendants")

Dated: April 6, 2005

---

[5] Mr. Matusavage has not argued that the Sarner defendants may be held vicariously liable under the plaintiff's putative state court claims. For the reasons set forth in their motion for summary judgment and memorandum of law in support, the Sarner defendants again respectfully request dismissal for any and all putative state court claims against them arising from the alleged actions of John Matusavage.

:401841-1

5

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Response to John Matusavage's Motion For Summary Judgment of Sarner & Associates, P.C., Joshua Sarner, Esquire and Leonard Sarner, Esquire, were served today via first class mail to all counsel of record at the addresses listed below:

Laurence A. Mester, Esquire
1333 Race Street
Philadelphia, PA 19107

Bayard H. Graf, Esquire
Graf & Graf, P.C.
162 Beaumont Road
Devon, PA 19333-1849

WILLIAM F. McDEVITT

Dated: April 6, 2005

:401841-1