IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM, : | CIVIL ACTION |
| Plaintiff, : | |
| : | NO. 02-4302 |
| vi. : | |
| : | |
| SARNER & ASSOCIATES, P.C. and : | |
| JOSHUA SARNER, ESQUIRE and : | |
| LEONARD SARNER, ESQUIRE and : | |
| JODI H. BROWN, M.D. and JOHN : | |
| MATUSAVAGE, : | |
| : | |
| Defendants. : | |

## ORDER

And now, this ____ day of _____, 2005, upon consideration of the Sarner Defendants' Motion For Leave To File A Reply in Further Support of their Motion for Summary Judgment, it is hereby ORDERED and DECREED that said Motion for Leave is GRANTED.

_____
M. FAITH ANGELL, J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM, | CIVIL ACTION |
| Plaintiff, | |
| | NO. 02-4302 |
| v. | |
| SARNER & ASSOCIATES, P.C. and JOSHUA SARNER, ESQUIRE and LEONARD SARNER, ESQUIRE and JODI H. BROWN, M.D. and JOHN MATUSAVAGE, | |
| Defendants. | |

**THE SARNER DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Joshua Sarner, Esquire (hereinafter "Attorney Sarner") and his firm, Sarner & Associates (collectively "the Sarner defendants") hereby respectfully requests leave to file a reply in further support of their motion for summary judgment to address: i) plaintiffs' failure to identify any material dispute of fact; ii) plaintiff's failure to address her inability to satisfy the elements of her putative claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, Pennsylvania's Consumer Protection Law, 73 Pa.C.S.A. § 201-1, *et seq.*, or common law theories of defamation or conspiracy; and iii) plaintiff's attempt to introduce irrelevant facts as a means of avoiding controlling legal issues.

WHEREFORE, the Sarner defendants respectfully requests that this Court permit the filing of their reply attached hereto as Exhibit A in further support of their motion for summary judgment. Defendants further respectfully request that this Honorable Court dismiss plaintiff's

putative claims against them for the reasons set forth in their motion for summary judgment, memorandum of law in support and in the reply attached hereto as Exhibit A.

                  Respectfully submitted,

                  CHRISTIE, PABARUE, MORTENSEN and YOUNG
                  A Professional Corporation

By: _____
      JAMES W. CHRISTIE (I.D. No. 12068)
      WILLIAM F. MCDEVITT (I.D. No.: 80206)
Dated: April 25, 2005      Attorneys for Defendants Sarner & Associates, P.C.;
      Joshua Sarner, Esquire and Leonard Sarner, Esquire
      ("Attorney Defendants")

476673_1

# EXHIBIT A

476547_1

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARA FLAMM, | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO. 02-4302 |
| v. | : |
| | : |
| SARNER & ASSOCIATES, P.C. and JOSHUA SARNER, ESQUIRE and LEONARD SARNER, ESQUIRE and JODI H. BROWN, M.D. and JOHN MATUSAVAGE, | : |
| Defendants. | : |

**REPLY IN FURTHER SUPPORT OF THE SARNER DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

I.  **INTRODUCTION**

Plaintiff Mara Flamm has failed to identify a single material issue of disputed fact to support her putative statutory claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), Pennsylvania's Consumer Protection Law, 73 Pa.C.S.A. § 201-1, *et seq.*(hereinafter "CPL") or her putative common law claims for defamation or conspiracy. Plaintiff argues against summary judgment based upon the defendants' inability to recall certain events and improper references to unrelated lawsuits against non-parties. But plaintiff fails to introduce any affirmative evidence that establishes any element in support of her putative claims. More importantly, plaintiff ignores controlling federal and state law defining the elements of her putative claims, which elements she cannot satisfy. Defendants Joshua Sarner, Esquire (hereinafter "Attorney Sarner") and his firm, Sarner & Associates (collectively

476547_1

"the Sarner defendants") respectfully submit this reply in further support of their motion for summary judgment in order to correct plaintiff's misstatements of both law and fact.

II. **LEGAL ARGUMENT IN FURTHER SUPPORT**

    A.    **The Limited Volume And Alleged "Substantiality" Of The Sarner Defendants' Alleged Consumer Collection Work Is Insufficient To Establish Liability Under The FDCPA.**

As admitted by plaintiff in her Omnibus Response to defendants' motion for summary judgment (hereinafter "plaintiff's Response"), the Third Circuit Court of Appeals has held that handling a handful of cases a few times a year is insufficient to establish liability under the FDCPA.[1] There is no dispute that over the five year period from 1998 through 2002 the Sarner defendants handled a mere nine (9) consumer law collections cases.[2] Yet plaintiff argues that the Sarner defendants "regularly" engage in the collection of consumer debts primarily based upon the volume of consumer debt collection cases handled by Sarner & Associates. Although the nine (9) cases at issue represented approximately 3% of the modest revenue generated by Attorney Sarner individually, it did not represent a significant portion of the revenue of Sarner & Associates and arose solely from a "handful" of cases. Moreover, the pursuit of nine (9) consumer collections cases does not reflect the current or continuing practice of the Sarner defendants, who do not currently accept consumer collections cases.[3]

---

[1] Plaintiff's Response at Section IV, A, (citing Crossley v. Lieberman, 868 F.2d 566, 569 (3rd Cir. 1989)). Plaintiff failed to paginate her Response. For this reason, the Sarner defendants will cite section headings.

[2] Affidavit of Leonard Sarner at ¶¶ 14 - 34, a true and correct copy of which is attached as Exhibit 1 to the Sarner defendants' motion for summary judgment (hereinafter "Ex. 1").

[3] November 17, 2004 deposition of Joshua Sarner, Esquire at p. 90, a true and correct copy of which is attached to the Sarner defendants' motion for summary judgment as Exhibit 2 (hereinafter "Ex. 2").

476547_1

2

Plaintiff's reliance on the percentage of "collections" matters reported by the Sarner defendants to their professional liability carrier[4] is misplaced, because the reporting form in question does not differentiate between consumer and non-consumer collections cases. The FDCPA concerns only consumer collections matters.[5] Sarner & Associates' non-consumer debt collection activities (i.e. cases involving the collection of commercial or business debt) are irrelevant to the question of liability under the FDCPA. There is no factual question that between 1998 and 2002, the Sarner defendants handled only nine (9) consumer collections cases. Plaintiff's attempts to misrepresent these facts through misleading statistics is improper and does not demonstrate the existence of a legitimate question of fact.

While federal courts normally consider a variety of factors when applying the "regularity" test of the FDCPA, plaintiff relies upon a single District Court case, Silva v. Mid Atlantic Management Corp., 277 F.Supp.2d 460 (E.D.Pa. 2003), which considers a single factor, volume of collection activity. In Silva, the defendant law-firm argued that the FDCPA did not apply to their practice of law based solely upon the number of collections cases that the firm handled. 277 F.Supp2d at pp. 464-465 (noting that the law firm defendants made a single argument against the application of the FDCPA and cited a single case, Nance v. Petty, Liningston, Dawson & Deverning, 881 F.Supp. 223 (W.D.Va. 1994)). The defendant attorneys did not raise any other challenges to the regularity requirement of the FDCPA and the Court in Silva did not consider any of other FDCPA "regularity" factors. 277 F.Supp2d at pp. 464-465;

---

[4] Although the parties agreed that certain documents produced during discovery would protected as confidential, plaintiff extensively cited to confidential material in her brief without redaction and without filing her Response under seal. While the Sarner defendants' counsel consented to the production of exhibits to this Court with an explanatory letter regarding confidential materials, counsel requested that no confidential material be filed of record. The Sarner defendants note that plaintiff's extensive citation and quotation of confidential information violates the discovery agreement between the parties.

[5] 15 U.S.C. § 1692 (definition of scope); 1692a (definition of "consumer" and "communications").

476547_1

3

but see Goldstein v. Hutton, 374 F.3d 56, 63 (2nd Cir. 2004)(discussing comprehensive "regularity" factors considered by federal courts); Schroyer v. Frankel,197 F.3d 1170,1176 (6th Cir. 1999)(same).[6]

The Court in Silva found the percentage of defendant's debt collection practice alone did not constitute an affirmative defense to the "regularity" requirement of the FDCPA when the defendant law firm handled "approximately 10 debt collection cases per year for the past several years." Id. at p. 465. In this case, the Sarner defendants handled less than ten (10) consumer collection cases over a period of five years. The Sarner defendants did not "regularly" collect consumer debt within the meaning of Silva because they did not handle "more than a handful" of cases as set forth under Crossley. 868 F.2d at 569.

In addition, the other commonly applied "regularity" factors do not support the application of the FDCPA to the Sarner defendants because the Sarner defendants did not: retain staff specifically to handle consumer debt collections;[7] represent collection agencies or other similar institutions; and do not market themselves as collections attorneys and do not presently accept collections cases.[8] Thus, as a matter of law, the Sarner defendants cannot be held to have "regularly" engaged in debt collection. Goldstein, 374 F.3d at 63; Shroyer, 197 F.3d at 1176;

---

[6] In her Response, plaintiff argues that the "total volume of work" in each of the nine (9) cases handled by the Sarner defendants should be taken into account when considering "regularity" under the FDCPA. No court has considered the complexity of a particular collection matter nor the contentious nature of a particular collection case as a basis of determining "regularity" and plaintiff offers no authority for this argument.

[7] Ex. 2 at p. 157.

[8] Ex. 1 at ¶ 12; Ex. 2 at pp. 86-91, 157-158. Plaintiff relies upon Attorney Sarner's testimony that, at some time in the past, he was listed with the Philadelphia County Bar Association as an attorney who accepts consumer collections maters. But Attorney Sarner testified that he does not know if he is presently listed as a consumer collections attorney with the Philadelphia Bar Association (Ex. 2 at p. 87) and plaintiff has not produced evidence establishing that Attorney Sarner is presently listed. Upon information and belief, Attorney Sarner is not so listed and the Sarner defendants have affirmatively stated that they do not advertise themselves as consumer collections counsel.

and Crossley, 868 F.2d at 569. For these reasons, as discussed in their summary judgment motion, the Sarner defendants respectfully request that the Court dismiss Count I of the plaintiff's Complaint against them with prejudice.

### B. Plaintiff Improperly Ignores Pennsylvania Agency Law When Arguing That The Sarner Defendants May Be Held Vicariously Liable For The Alleged Acts Of John Matusavage.

Plaintiff cites a single Massachusetts District Court case, Alger v. Ganick, O'Brien & Sarin, 35 F.Supp.2d 148 (1999), for the proposition that Pennsylvania's doctrine of vicarious liability is inapplicable to a cause of action under the FDCPA. Yet, in Alger, the Court specifically states that its holding is based, in part, upon the application of "agency principles." 35 F.Supp.2d at 153. Plaintiff fails to address any of the factors that establish that defendant John Matusavage was an independent contractor under Pennsylvania agency principles when serving process on January 25, 2002. Under Pennsylvania law, the Sarner defendants cannot be held liable for the alleged (and denied) tortious actions of Mr. Matusavage.

Setting aside the "agency principles" relied upon in the Alger case, the factual situation of Algers is inapplicable to those presented in this action. In Alger, the defendant attorneys obtained a capias for the arrest of the plaintiff consumer, despite the defendants' knowledge that plaintiff consumer had remained current in his payment of the subject student loan debt. 35 F.Supp.2d at pp. 150-153. The process server was not named as a defendant in the Alger case and merely served plaintiff consumer with notice of the capias. Id. at p. 152. The Court in Alger rejected the defendant attorney's argument that the attorneys' false (or, at least, incorrect) statement of the debt contained in the capias was permissible because it was delivered by a process server rather than by the defendant attorneys themselves. Id. at pp. 153-154. Unlike this

case, the objectionable statements in <u>Algers</u> were contained in a document created by the defendant attorneys themselves. <u>Id</u>.

In this case, plaintiff contends that Mr. Matusavage made improper statements to Carmita Rutling during the service of process. The statements at issue in this case were not contained in the documents served. Both Mr. Matusavage and Attorney Sarner testified that Mr. Matusavage was not directed by the Sarner defendants to make improper statements to Ms. Rutling.[9] Even assuming, for the purposes of summary judgment alone, that Mr. Matusavage made improper comments to Ms. Rutling, there is no factual basis to establish that Mr. Matusavage made such statements at the direction of the Sarner defendants. Unlike <u>Algers</u>, where it could be proven that the attorney defendants were the authors of the allegedly improper statements, plaintiff cannot show that the Sarner defendants were the true authors of the alleged statements of Mr. Matusavage. Even if Pennsylvania agency law was not controlling (which it is), the <u>Algers</u> decision does not provide a basis to impose vicarious liability against the Sarner defendants.

To avoid Pennsylvania's agency doctrine, plaintiff raises irrelevant arguments challenging the credibility of Attorney Sarner and Mr. Matusavage; questioning Attorney Sarner's inability to remember specific conversations with Mr. Matusavage; accusing Attorney Sarner of making similar statements in an unrelated lawsuit; and implying that the inclusion of invoices for psychiatric services, which invoices contained psychiatric diagnostic codes, in municipal court complaints to enforce payment of those invoices was accomplished for an improper purpose. None of these irrelevant arguments address the lack of an employer/employee relationship between the Sarner defendants and Mr. Matusavage. Moreover, none of these irrelevant arguments establish a genuine issue of material fact concerning the January 25, 2002

476547_1

6

service of process by Mr. Matusavage - - plaintiff cannot establish that Mr. Matusavage was instructed by the Sarner defendants to make improper statements to plaintiff or her co-workers. This Court should disregard plaintiff's improper attempt to divert the Court's attention from the actual legal and factual issues in this lawsuit and enter judgment in favor of the Sarner defendants for all putative claims arising from the alleged (and denied) conduct of Mr. Matusavage.

### C. Plaintiff's Alleged Nervousness Is Not An Ascertainable Damage To Money Or Property Within The Meaning Of The CPL.

Plaintiff's only alleged damage in this action is her alleged "nervousness" which, plaintiff admits, did not adversely effect her work or personal relationships. The only support for plaintiff's alleged nervousness is her own testimony - - plaintiff has failed to produce a physician's certification that the acupuncture treatment was somehow related to the January 25, 2002 service of process or even a receipt or any other record substantiating the dates (or even the occurrence) of her alleged acupuncture treatment. Plaintiff's own self-serving testimony cannot, as a matter of law, establish that plaintiff suffered an "ascertainable loss of money or property" as required under the CPL. In the absence of evidence that she suffered "actual damages" or an "ascertainable loss" as a direct result of the defendants' alleged conduct, plaintiff's putative claim under the CPL must fail and should be dismissed accordingly. Weinberg v. Sun Co., Inc., 777 A.2d 442, 446 (Pa. 2001); Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (July 20, 2004); Aronson v. Greenmountain.com., 809 A.2d 399, 405 (Pa. Super 2002); Parks, et al. v. Portnoff Law Associates, Ltd., 210 F.R.D. 146, 151 (E.D. Pa. 2002); Krisa v. Equitable Life

---

[9] January 17, 2005 deposition of John Matusavage at pp. 29-30, 60-61, a true and correct copy of which is attached the Sarner defendants' motion for summary judgment as Exhibit 7 (hereinafter "Ex. 7"); Ex. 2 at pp. 145-146.

476547_1

7

Assurance Society, 109 F.Supp.2d 316, at n. 5 (M.D.Pa. 1999); In re: Derienzo, 254 B.R. 334 (M.D. Pa. 2000); In re: Andrews, 78 B.R. 78 (E.D.Pa. 1987); In re: Jungkurth, 74 B.R. 323 (E.D.Pa. 1987).

### D. Plaintiff's Personal Reaction To The Alleged Statements Of Mr. Matusavage Does Not Constitute Harm To Her Reputation.

The hallmark of a defamation claim is damage to a person's reputation, i.e. that a defamatory statement is circulated in a manner that causes other persons to think less of the claimant. See Rush v. Philadelphia Newspaper, Inc., 1999 Pa. Super. 141, 1999 Pa. Super. LEXIS 1805 (1999); Walker v. Grand Cent. Sanitation, Inc., 634 A.2d 237, 241 (Pa.Super. 1993); Franklin Prescriptions, Inc. v. The New York Times Co., 2004 U.S.Dist. LEXIS 15342 at *28, n.34 (E.D.Pa. 2004)(collecting case law holding general damages requirement for claims of slander *per se*). Plaintiff ignores the effect that the alleged statement had on other people and focuses solely upon how the alleged incident made her feel. Plaintiff's own testimony that she had a personal reaction to an allegedly defamatory statement is insufficient, as a matter of law, to support the existence of general damages arising from: an alleged statement; made to a single listener; that the listener did not believe; and that the listener did not circulate to others. Walker, 634 A.2d at 244-245. In the absence of damages, plaintiff's putative defamation claim must fail and should be dismissed accordingly.

476547_1

8

E. **Plaintiff Has Failed To Demonstrate Evidence Of An Agreement Between The Sarner Defendants And Mr. Matusavage To Commit An Unlawful Act.**

Plaintiff's putative conspiracy count is based entirely upon supposition and irrelevant arguments. Plaintiff cannot meet her burden of showing that Attorney Sarner entered into an agreement with Mr. Matusavage to do an unlawful act or to do an otherwise lawful act by unlawful means. Skipworth v. Lead Industries Ass'n., Inc., 690 A.2d 169, 174 (Pa. 1997), citing, Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472-3, (Pa. 1977); Rutherford v. Presbyterian-University Hospital, 612 A.2d 500, 508 (Pa. Super. 1992). As a matter of law, in the absence of any proof of an conspiratorial agreement, plaintiff's putative conspiracy claim is without legal merit and should be dismissed accordingly.

## VI. CONCLUSION

For the reasons set forth above and in their motion for summary judgment (and memorandum of law in support), the Sarner defendants respectfully request that the Court dismiss plaintiff's Complaint against them with prejudice.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN and YOUNG
A Professional Corporation

By: _____
JAMES W. CHRISTIE (I.D. No. 12068)
WILLIAM F. MCDEVITT (I.D. No.: 80206)
Attorneys for Defendants Sarner & Associates, P.C.;
Joshua Sarner, Esquire and Leonard Sarner, Esquire
("Attorney Defendants")

Dated: April 25, 2005

476547_1

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing Motion For Leave to File A Reply in Further Support of the Summary Judgment Motion of Sarner & Associates, P.C., Joshua Sarner, Esquire and Leonard Sarner, Esquire, were served today via first class mail to all counsel of record at the addresses listed below:

Laurence A. Mester, Esquire
1333 Race Street
Philadelphia, PA 19107

Bayard H. Graf, Esquire
Graf & Graf, P.C.
162 Beaumont Road
Devon, PA 19333-1849

WILLIAM F. McDEVITT

Dated: April 25, 2005